[No. 20848.  In Bank. — March 31, 1892.]

THE PEOPLE, RESPONDENT, v. J. W. MURRAY, APPELLANT.

CRIMINAL LAW — NEW TRIAL — READING OF NEWSPAPERS BY JURY — REBUTTING EVIDENCE. — Where a defendant in a criminal prosecution has introduced evidence upon a motion for a new trial, showing that the jury had read newspaper articles during the trial, which it was claimed had a tendency to influence their verdict, it is proper to receive rebutting evidence on the part of the prosecution, showing by the jurors themselves that the reading of the articles had not influenced them in any way prejudicial to the defendant in rendering their verdict.

APPEAL from an order of the Superior Court of San Diego County denying a new trial.

The facts are stated in the opinion.

*Hunsaker, Britt & Goodrich,* for Appellant.

A new trial should be granted where extraneous communications are received by the jury, calculated to influence them unfavorably against the defendant, and the court will look alone to the character of the communication in its decision. The testimony of the jury in support of their verdict is not admissible. What they think influenced them is inadmissible, because a conclusion or opinion, and not a fact, and will not be considered by the court. (*Madden* v. *State,* 1 Kan. 353; *State* v. *Mulkins,* 1 Kan. 16; *Peiffer* v. *Commonwealth,* 15 Pa. St. 470; 53 Am. Dec. 605; *Stokes* v. *State,* 5 Baxt. 619; 30 Am. Rep. 73; *Whitney* v. *Whitman,* 5 Mass. 405; *Hix* v. *Drury,* 5 Pick. 302; *State* v. *Dolling,* 37 Wis. 397; *Woodward* v. *Leavitt,* 107 Mass. 460; 9 Am. Rep. 49; *People* v.

*McCoy*, 71 Cal. 397; *People* v. *Backus*, 5 Cal. 276; *Coster* v. *Meresh*, 3 Brod. & B. 272; *State* v. *Hartman*, 46 Wis. 248; *Schappner* v. *Second Ave. R. R. Co.*, 55 Barb. 497; *State* v. *Brown*, 22 Kan. 231; *State* v. *Snyder*, 20 Kan. 319; *State* v. *Lantz*, 23 Kan. 729; 33 Am. Rep. 215; *Madden* v. *State*, 1 Kan. 354; *Commonwealth* v. *Roby*, 12 Pick. 496; *Alger* v. *Thompson*, 1 Allen, 455; *Killen* v. *Sistrunk*, 7 Ga. 294; *Commonwealth* v. *Edgerly*, 10 Allen, 187, 188; *Cole* v. *Swan*, 4 G. Greene, 33; *Walker* v. *State*, 37 Tex. 388; *Hare* v. *State*, 43 Miss. 364; *Wood* v. *State*, 4 How. (Miss.) 187; *People* v. *Knapp*, 42 Mich. 269; 36 Am. Rep. 438; *Packet Co.* v. *Sickles*, 5 Wall. 593.) Proceedings in court should command entire confidence, and be above suspicion or cause for complaint; and where the verdict does not command entire confidence, or the proceedings are subject to suspicion or complaint, a new trial should be granted. (*Sargent* v. *Roberts*, 1 Pick. 341, 342; 11 Am. Dec. 185; *Hare* v. *State*, 4 How. (Miss.) 187, and cases cited; *Warren* v. *State*, 9 Tex. App. 631; 35 Am. Rep. 745; see also cases cited above.) Where the chances are equal that defendant has been prejudiced, a new trial should be granted. (*Hoberg* v. *State*, 3 Minn. 184; *Farmers' and Manufacturers' Bank* v. *Whinfield*, 24 Wend. 427.)

*Attorney-General Hart* and *Deputy Attorney-General Layson*, for Respondent.

Affidavits of jurors are admissible to support their verdict. (*State* v. *Bailey*, 32 Kan. 83, 94; *Martin* v. *People*, 54 Ill. 225; *State* v. *Wart*, 51 Iowa, 587; *Taylor* v. *Everett*, 2 How. Pr. 23; *Kennedy* v. *Commonwealth*, 2 Va. Cas. 510; *State* v. *Cucuel*, 31 N. J. L. 249; *Coker* v. *State*, 20 Ark. 53, 61; *Jenkins* v. *State*, 41 Tex. 128; *Stanton* v. *State*, 13 Ark. 317; *Eastwood* v. *People*, 3 Park. Cr. 25; *Spencer* v. *Traffero*, 42 Md. 1, 21; *Medler* v. *State*, 26 Ind. 171; *Carter* v. *Ford Plate Glass Co.*, 85 Ind. 189, 190; *De Hart* v. *Etnire*, 121 Ind. 244; *Long* v. *State*, 95 Ind. 486; *Clayton* v. *State*, 100 Ind. 204; *Thrall* v. *Lincoln*, 28 Vt. 356; *Downer* v. *Baxter*, 30 Vt. 467; *Bradford* v. *State*,

15 Ind. 347; *Tenney* v. *Evans*, 13 N. H. 462; 40 Am. Dec. 166; *State* v. *Howard*, 17 N. H. 171, 187; *State* v. *Pike*, 20 N. H. 344; *State* v. *Ayer*, 23 N. H. 301; *Boynton* v. *Turnbull*, 45 N. H. 408, 410; *Dana* v. *Tucker*, 4 Johns. 487; *Crockett* v. *State*, 52 Wis. 214; 38 Am. Rep. 733; *Grottkau* v. *State*, 70 Wis. 470; *Ferrill* v. *Simpson*, 8 Pick. 359; *Grinnell* v. *Phillips*, 1 Mass. 530; *People* v. *Thornton*, 74 Cal. 488; *People* v. *Hunt*, 59 Cal. 430, 432; *People* v. *Goldenson*, 76 Cal. 352; *People* v. *Dye*, 62 Cal. 523; *People* v. *Murray*, 85 Cal. 361; *People* v. *Kelley*, 46 Cal. 357.) It was not error for the jury to read the newspapers. (*State* v. *Crucel*, 31 N. J. L. 263; *United States* v. *Reid*, 12 How. 361; *People* v. *Goldenson*, 76 Cal. 352; *People* v. *Murray*, 85 Cal. 361; *People* v. *Williams*, 24 Cal. 39, 40; *People* v. *Gaffney*, 14 Abb. Pr. 39; *State* v. *Brown*, 7 Or. 201; *Commonwealth* v. *Haines*, 15 Phila. 366; *State* v. *Anderson*, 4 Nev. 278; *Flanagan* v. *State*, 64 Ga. 53; *Hunter* v. *State*, 43 Ga. 524.) The affidavits of the jurors denying they were influenced are conclusive on the court. The appellate court cannot disturb the order of the trial court thereon. (*Epps* v. *State*, 102 Ind. 539; *Long* v. *State*, 95 Ind. 486; *Clayton* v. *State*, 100 Ind. 204; *Downer* v. *Baxter*, 30 Vt. 468; *People* v. *Dye*, 62 Cal. 523; *People* v. *Goldenson*, 76 Cal. 352; *People* v. *Murray*, 85 Cal. 361.) Such a showing must be made as to enable the court to judge whether the conduct of the jury was detrimental to the interests of defendant. (Pen. Code, sec. 1404; *Medler* v. *State*, 26 Ind. 172; *Achey* v. *State*, 64 Ind. 64; *Newell* v. *Ayer*, 32 Me. 334; *State* v. *Stark*, 72 Mo. 40; *Wakefield* v. *State*, 41 Tex. 557; *People* v. *Gaffney*, 14 Abb. Pr., N. S., 38.) The showing here was insufficient. (*Brown* v. *La Crosse etc. Co.*, 21 Wis. 56; *State* v. *Vogel*, 22 Wis. 471; *Bennett* v. *State*, 24 Wis. 57; *Bonneville* v. *State*, 53 Wis. 680; *Rollins* v. *Ames*, 2 N. H. 349; 9 Am. Rep. 79; *State* v. *Fuller*, 34 Conn. 280; *Grottkau* v. *State*, 70 Wis. 472, 473; Hayne on New Trial and Appeal, 83, 87.) The motion for new trial was addressed to the discretion of the trial court. (*People* v. *Brooks*, 90 Cal. 174.) If the presiding judge

was satisfied no harm resulted from the reading of the articles, the defendant cannot complain. (*Commonwealth* v. *Nash,* 135 Mass. 542; *Ferrill* v. *Simpson,* 8 Pick. 359.)

FOOTE, C. — The defendant was tried and convicted of the crime of murder. He appealed to this court from the judgment rendered in the premises, and from an order refusing a new trial. The judgment was affirmed, but the order denying a new trial was reversed. The case is reported in 85 Cal. 350–361, where it was said, among other things: —

" The order denying the defendant a new trial is reversed, with instructions to the court below to vacate the same and rehear the motion, allowing the defendant to introduce the evidence excluded on the former hearing, and the people to rebut the same by other evidence, if it is desired."

Accordingly, the motion for a new trial was again heard, and the evidence, which showed that the jury had read newspaper articles during the trial, which it is claimed had a tendency to influence their verdict, was allowed to be introduced in the defendant's behalf.

The people then showed, over the objections of the defendant, by the jurors themselves, that the reading of those articles had not tended to or had influenced them in any way prejudicial to the defendant in rendering their verdict.

The admission of this rebutting evidence is urged by the defendant as prejudicial error. And upon the determination of that question the whole matter turns.

In the former decision this court said:—

" An attempt on the part of any person, whether through the medium of a newspaper or otherwise, to influence a jury by any improper means to bring in a verdict against a defendant is a palpable violation of his right to a fair and impartial trial, and if it appears to the court to have had such an effect, a new trial should be granted.

"There can be no doubt as to the intention or palpable effect of the articles above set out. It was the clear intention of the publishers of this paper to intimidate the jury, and by abusing other jurors, who had returned verdicts of acquittal, to induce them to find the defendant guilty, and impose upon him the extreme penalty of the law. Whether they had that effect upon the jury or not was a question that the defendant had a right to have determined by the court on his motion for a new trial. The defendant should have been allowed to make the proof, with leave to the people to show, if possible, that these particular articles were not read by the jury, or if they were, that they were not in any way influenced by them. (*People* v. *Goldenson*, 76 Cal. 328, 353.)"

The evidence of the jurors was in support of their verdict, and it is plainly evident the appellate court intended that the trial court should permit the defendant to introduce the evidence he did on the hearing of the motion, and that the people might show, if they could, either that the prejudicial articles in the newspaper were not read by the jury, or that, if they had read them, that "they were not in any way influenced by them."

In obedience to this command of the superior tribunal, the court below allowed the people to rebut what might be a presumption that the jury were influenced by the articles which they had read, and to show by their evidence, if it could be done, that the jury had not been thus influenced, and thus sustain their verdict.

This view of the matter is in accordance with the case of *People* v. *Goldenson*, 76 Cal. 352, and cases cited, where it said: —

"One of the grounds upon which defendant asked for a new trial was, that the jury had been guilty of misconduct, by which a fair consideration of the case had been prevented. The substance of the misconduct charged consisted in the jurors having disobeyed the admonition of the court about reading newspaper articles during the trial which reflected on the defendant. All of the jurors filed affidavits denying fully the charges of misconduct

preferred, and insisting that no admonition of the court had been disobeyed, and that no newspaper articles or anything else, save the evidence and the charge, influenced them in finding their verdict. These affidavits were allowable, and are conclusive upon the point made. (*People* v. *Hunt,* 59 Cal. 430; *People* v. *Dye,* 62 Cal. 523.)"

In thus following the views of the appellate court, we perceive no prejudicial error on the part of the court below, and advise that the order denying a new trial be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — The order denying a new trial is affirmed.

GAROUTTE, J. — I concur in the judgment.

DE HAVEN, J., and HARRISON, J., dissented.