[No. 21168. In Bank.—January 17, 1895.]

THE PEOPLE, RESPONDENT, v. ANTHONY AZOFF, APPELLANT.

NEW TRIAL — MISCONDUCT OF JURY — READING NEWSPAPER REPORTS — AFFIDAVITS TO IMPEACH VERDICT.—The affidavit of a juror cannot be received to impeach the verdict, except in the single case of a resort to the determination of chance; and it is not admissible to prove that the jury were guilty of misconduct by reading newspaper reports of the trial, either by the affidavit of a juror, or by the affidavits of other parties as to statements made by the jurors.

ID.—DISPROOF OF MISCONDUCT.—Affidavits of jurors may be used to disprove or explain alleged misconduct, but cannot, admitting the misconduct, be used to show that the verdict was not influenced thereby.

ID. — KNOWLEDGE OF TRIAL JUDGE — TESTIMONY. — It is not error for the trial judge to refuse to be sworn on the hearing of the motion for a new trial to show that he had admonished the bailiff not to allow the jury to read papers relating to the case. Such showing is not material, but the fact, if it existed, was matter within the knowledge of the court, and might be stated as a fact in a bill of exceptions without proof.

ID.—USELESS EVIDENCE—REBUTTAL OF MISCONDUCT—HARMLESS ERROR. Where there is no competent evidence before the court tending to show that the jury had been guilty of misconduct, evidence in rebuttal of the misconduct is not required, and any incompetent evidence in rebuttal thereof can be productive of no harm.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial.

The facts are stated in the opinion.

*W. A. McGuire,* for Appellant.

*Attorney General W. H. H. Hart,* and *District Attorney Carl E. Lindsay,* for Respondent.

TEMPLE, J.—The defendant was convicted of murder in the first degree and sentenced to suffer death.

The appeal is from the judgment and from an order denying a new trial, but no part of the evidence is brought up, neither is there complaint of any ruling at the trial, or of an instruction given or refused.

The motion for a new trial was upon the ground of misconduct on the part of the jury in that they received

evidence out of court.   Upon the hearing of the motion the court refused to consider the affidavit of a juror which tended to show that the jury had read a newspaper report of the trial, or to permit the jurors themselves to testify orally to the same effect, but did permit the district attorney to read an affidavit of a juror, and other jurors to testify that nothing that they had read had influenced their verdict.   The correctness of these rulings is questioned by this appeal.

The question as to whether the affidavit of a juror will be received to impeach the verdict was very early considered in this state, and has been frequently passed upon and always decided in the same way.   The effect of the earlier cases cannot be better expressed than in the language of Chief Justice Sanderson in *Boyce* v. *California Stage Co.*, 25 Cal. 460.   He says: " In respect to these points this case was decided upon the authority of *Turner* v. *Tuolumne Water and Mining Co.*, 25 Cal. 397. We there hold that although there was some conflict of authority . . . . the affidavits of jurors could not be received for the purpose of impeaching their verdict. By so doing we did not establish the rule for the first time in this state; on the contrary, we merely affirmed a rule which was established as early as the first volume of California Reports, and has been strictly adhered to from that time to the present.   In the case of *People* v. *Baker*, 1 Cal. 403, Mr. Justice Bennett said: " We consider it a settled rule, founded upon considerations of necessary policy, that the testimony of a juryman cannot be received to defeat his own verdict.'   In *Amsby* v. *Dickhouse*, 4 Cal. 103, Mr. Chief Justice Murray said: ' It is well settled that a juror cannot be allowed to impeach his own verdict.   The reason of this wholesome rule of law is too obvious to require any explanation.' The same rule was declared in *Castro* v. *Gill*, 5 Cal. 42, by Mr. Justice Heydenfeldt.   In *Wilson* v. *Berryman*, 5 Cal. 45, 63 Am. Dec. 78, the rule was again reiterated by Mr. Chief Justice Murray.   In *People* v. *Wyman*, 15 Cal. 75, the verdict was sought to be impeached upon

the ground that it was not a fair expression of the opinion of the jury, and the affidavit of one of the jurors was relied upon for that purpose. The opinion of the court was delivered by Mr. Justice Cope, who said: 'We have repeatedly decided that this cannot be done.' Thus the law of this question has become too firmly established in this state to be disturbed by the judiciary, and in order to effect a change it was found necessary in 1862 to resort to legislative action. This was done, and it was enacted that verdicts found by a 'resort to the determination of chance' might be impeached by the affidavits of the jurors. But it is argued that, while such is the general rule at common law, there are exceptions to it. Admitting this to be so, we answer, in the first place, that the legislature of this state has legislated in regard to those exceptions, and that such legislation has superseded the common law. By declaring in what cases verdicts may be impeached by the affidavits of jurors the legislature, upon the maxim *expressio unius, exclusio alterius est,* has declared that verdicts of a different class shall not be so impeached."

The same rule was announced in *People* v. *Gray,* 61 Cal. 164, 44 Am. Rep. 549, *People* v. *Deegan,* 88 Cal. 602, and *People* v. *Murray,* 94 Cal. 212, 28 Am. St. Rep. 113.

Nor is there any thing against this position in the late case of *People* v. *Stokes,* 103 Cal. 193; 42 Am. St. Rep. 102. The question was not there involved. The quotation from *Woodward* v. *Leavitt,* 107 Mass. 453, 9 Am. Rep. 49, was to a different proposition. Nor is there any thing in the quotation inconsistent with the rule which prevails in this state. Here affidavits of jurors, *in support of the verdict,* may be read as to "the existence of the disturbing influence"; and the question in the case quoted was how far such affidavits could be used in support of the verdict. It was held, in effect, that such affidavits may be used to disprove or explain alleged misconduct, but cannot, admitting the miscon-

duct, be used to show that the verdict was not influenced thereby.

In some of the states different rules prevail. All recognize the general proposition that the affidavits of jurors will not be received to impeach their verdict, but some exceptions are made. These exceptions vary greatly, hardly any two states agreeing as to what exceptions shall be made. The statute makes one: (Code Civ. Proc. sec. 657.) As we have seen, it has been held in *Boyce* v. *California Stage Co.*, 25 Cal. 460, that the fact that one exception is provided in the statute excludes the idea that there can be any other. Other courts do not agree upon the exceptions which should be made to the rule, and, if the question were an open one, I think the rule established here is the best. Hardships will arise under either rule; but while it will occasionally appear that justice will miscarry unless such evidence can be regarded, the contrary rule opens the door wide to corrupt practices. The jury will be subjected to influences, after they have discharged their duty as jurors, to induce them to repent of their decision and endeavor to revoke it. They would then be liable to be tampered with. Indeed, it would be difficult to place a limit to the corruption such a practice might engender.

If public policy prohibits the jury from impeaching their verdict by their affidavits it must follow that the same policy will prevent its being done by statements made by the jurors. The affidavit of McGuire, therefore, could not be considered on that question.

In permitting the district attorney to call the jurors to show that they had read nothing which influenced their verdict the court followed intimations found in *People* v. *Goldensen*, 76 Cal. 328, and *People* v. *Murray*, 85 Cal. 350. In the late case of *People* v. *Stokes*, 103 Cal. 193, 42 Am. St. Rep. 102, this court said that upon that point those cases do not express the law. Since there was no competent evidence before the court on the motion for a new trial tending to show that the

jury had taken evidence out of court this could be productive of no harm in this case.

There was no error in refusing to permit the trial judge to be sworn, on the hearing of the motion for a new trial, to show that he had admonished the bailiff not to allow the jury to read papers relating to the case. On this motion such admonition would cut no figure, and, if the fact existed, it was a matter within the knowledge of the court, and might have been stated as a fact in a bill of exceptions without proof.

It was also not error here, because there was no competent evidence tending to show that the jury did read any account of the trial in a newspaper.

The judgment and order are affirmed.

BEATTY, C. J., MCFARLAND, J., GAROUTTE, J., HARRISON, J., VAN FLEET, J., and HENSHAW, J., concurred.