## JOHN JOHNSON v. JACOB SEEL.

(144 N. W. 237.)

**Impeachment of verdict — affidavits of jurors — when proper — misconduct of jury — resort to chance in reaching verdict.**

1. Section 7063, Rev. Codes 1905, construed, and *held* that affidavits of jurors are inadmissible to impeach their verdict upon the ground of misconduct of the jury, except where such misconduct consists of a resort by the jury to chance in determining the issues.

**Misconduct of jury — statements by juror to attorney — affidavit of attorney — not admissible to impeach verdict.**

2. An affidavit of an attorney merely narrating admissions made by jurors in a conversation had with him is inadmissible as proof of alleged misconduct of such jurors during the trial in visiting the office of defendant's attorney as invited guests, where they were treated to beer. Such affidavit is also inadmissible for the purpose of showing other alleged misconduct mentioned in the opinion.

Opinion filed November 26, 1913.

Note.—The question of treating jurors by attorney as ground for new trial or reversal is treated in a note in 19 L.R.A.(N.S.) 733.

Appeal from District Court, Williams County, *John F. Cowan,* Special J.

From a judgment and order in defendant's favor, plaintiff appeals. Affirmed.

*Geo. A. Gilmore,* for appellant.

Misconduct of jurors may be proved by the affidavit of one of the jury. Rev. Codes 1905, art. 2, § 7063.

During the trial, where a juror makes statements about the case or about the evidence, showing a fixed, settled opinion adverse to the losing party, it is ground for a new trial. 20 Cyc. 799, 802; Wightman v. Butler County, 83 Iowa, 691, 49 N. W. 1041.

Even where the facts stated in the affidavits of the moving party are controverted by the juror, still a new trial may be granted. In this case the showing is not disputed. Mix v. North American Co. 209 Pa. 636, 59 Atl. 272.

Where a juror talks to other jurors about the case during the trial, such act does not give ground for a new trial, *unless his statements and comments show bias and ill-will.* 29 Cyc. 801 (11).

If such remarks prejudice or bias other jurors, they constitute ground for new trial. Albin Co. v. Demorest Mfg. Co. 22 Ky. L. Rep. 245, 56 S. W. 982; Blackfoot Stock Co. v. Delamue, 3 Idaho, 291, 29 Pac. 98; Hydinger v. Chicago, B. & Q. R. Co. 126 Iowa, 222, 101 N. W. 746; 29 Cyc. 798 (11); Welch v. Taverner, 78 Iowa, 207, 42 N. W. 650; Svenson v. Chicago G. W. R. Co. 68 Minn. 14, 70 N. W. 795, 2 Am. Neg. Rep. 183; Woodbury v. Anoka, 52 Minn. 329, 54 N. W. 187; Mattox v. United States, 146 U. S. 140, 36 L. ed. 917, 13 Sup. Ct. Rep. 50.

It need not be shown that such remarks actually influenced any of the jury. 29 Cyc. 803–805; Vose v. Muller, 23 Neb. 171, 36 N. W. 583; Baker v. Jacobs, 64 Vt. 197, 23 Atl. 588; Wright v. Eastlick, 125 Cal. 517, 58 Pac. 87; Stafford v. Oskaloosa, 57 Iowa, 748, 11 N. W. 668; McGill Bros. v. Seaboard Air Line R. Co. 75 S. C. 177, 55 S. E. 216; Bradshaw v. Degenhart, 15 Mont. 267, 48 Am. St. Rep. 677, 39 Pac. 90.

The proceedings were irregular and this includes misconduct of attorney. Lindsay v. Pettigrew, 3 S. D. 199, 52 N. W. 873; Morris v. Hubbard, 14 N. D. 525, 86 N. W. 25.

*Aaron J. Bessie,* for respondent.

The complete record upon which the order from which appeal is taken was made, must be before this court, or no review can be had. State v. Gerhart, 13 N. D. 663, 102 N. W. 880.

Matters shown by affidavits or other evidence not in the record will not be considered. Fisher v. Betts, 12 N. D. 197, 96 N. W. 132; Palmer v. Hurst, 22 S. D. 68, 115 N. W. 516; French v. Chicago, B. & Q. R. Co. 26 S. D. 125, 128 N. W. 498; Maag v. Stuverad, 23 S. D. 423, 122 N. W. 350; Brown v. Skotland, 12 N. D. 445, 97 N. W. 543; Johns v. Ruff, 12 N. D. 74, 95 N. W. 440; Spaulding v. Pitts, 26 S. D. 78, 127 N. W. 610; McAndrews v. Security State Bank, 25 S. D. 590, 127 N. W. 536; Sternberg v. Larson, 20 N. D. 635, 127 N. W. 993; State v. Johns, 25 S. D. 451, 127 N. W. 470; McLaughlin v. Thompson, 19 N. D. 34, 120 N. W. 554; Kephart v. Continental Casualty Co. 17 N. D. 380, 116 N. W. 349; Sucker State Drill Co. v. Brock, 18 N. D. 532, 123 N. W. 667; Marck v. Minneapolis, St. P. & S. Ste. M. R. Co. 15 N. D. 86, 105 N. W. 1106.

Errors must be specified in a settled statement of the case. Rev. Codes 1905, §§ 7058, 7063; Jackson v. Ellerson, 15 N. D. 533, 108 N. W. 241; Bertelson v. Ehr, 17 N. D. 339, 116 N. W. 335.

Affidavits of jurors to impeach verdict are not admissible, except for the purpose specified in the statute. 1 Greenl. Ev. 252; People v. Azoff, 105 Cal. 635, 39 Pac. 59; People v. Findley, 132 Cal. 308, 64 Pac. 472; Saltzman v. Sunset Teleph. & Teleg. Co. 125 Cal. 508, 58 Pac. 169; Sanitary Dist. v. Cullerton, 147 Ill. 385, 35 N. E. 723; Ewing v. Lunn, 22 S. D. 95, 115 N. W. 527; Gaines v. White, 1 S. D. 434, 47 N. W. 524; Boyce v. California Stage Co. 25 Cal. 474, 9 Am. Neg. Cas. 66; Murphy v. Murphy, 1 S. D. 316, 9 L.R.A. 820, 47 N. W. 142; 11 L.R.A. 706, note; Re Merriman, 108 Mich. 454, 66 N. W. 373; Baylies, New Trials, p. 543; Turner v. Tuolumne County Water Co. 25 Cal. 402, 1 Mor. Min. Rep. 107.

Affidavits of jurors showing undue influence, or of damaging statements made by member of jury to fellow jurors during the trial, concerning a party to the case or about the case, are not admissible. 4 Wigmore, Ev. §§ 2345, 2348, 2349, p. 3275.

Affidavit of a third person showing admissions and statements of jurors is not admissible. 3 Kerr's Anno. Code Civ. Proc. p. 1077, note

44; Siemsen v. Oakland, S. L. & H. Electric R. Co. 134 Cal. 494, 66 Pac. 672; People v. Ritchie, 12 Utah, 180, 42 Pac. 209; Ewing v. Lunn, 22 S. D. 95, 115 N. W. 527.

Applications for new trials are addressed to the sound discretion of the trial court, and its finding will not be disturbed, unless there is clear abuse of such discretion. Soules v. Brotherhood A. Y. 19 N. D. 23, 120 N. W. 760.

FISK, J.   This cause was tried to a jury and resulted in a verdict and judgment for defendant.   A motion for a new trial was made solely upon the grounds of the alleged misconduct of the jury, of the defendant, and of his attorney, which motion was supported merely by the affidavits of two of the jurors, and of plaintiff's attorney.   The affidavits of the two jurors are to the effect that a third juror, one Mesler, in a conversation had with them during the trial of the case, made certain statements to them of and concerning the plaintiff of a very derogatory nature, and tending to, and which in fact did, influence and prejudice them against the plaintiff, and which statements disclosed, on the part of Mesler, strong bias and hostility toward plaintiff.   Such affidavits also contain statements of a hearsay character, tending to show that juror Mesler, during the time the case was on trial, visited the office of defendant's attorney, where he was treated to beer, and that two other of the jurors admitted having visited such attorney's office during the term of court for the purpose of drinking beer, although whether this occurred while the case at bar was being tried is not shown.   The affidavit of plaintiff's attorney sets forth conversations had by such attorney with Mesler and certain other jurors, wherein they admitted to him that they had thus visited the office of defendant's attorney at various times during the term of court at which this cause was tried, and there drank beer as invited guests.   Such conduct on the part of defendant's counsel and the members of the jury, if established to be true by proper evidence, would be most reprehensible, and would justly deserve the severest condemnation, and no doubt would be good ground for vacating the verdict and granting a new trial.   But we are clear that the misconduct thus attempted to be shown was not properly established, and that the trial court therefore did not err in declining to consider

such affidavits, as he must have done in denying the motion for a new trial.

Appellant's contention that § 7063, Rev. Codes 1905, expressly authorizes such misconduct to be proved by the affidavits of jurors, is clearly untenable. Subdivision 2 of this section in unmistakable language limits the use of such affidavits to misconduct consisting of a resort by the jury to a determination of the issues by chance, and there is no warrant in the statute for the use of such affidavits to impeach the verdict upon other grounds of misconduct, such as is here attempted. The authorities, in construing a like statute, are, we think, unanimous in support of our views as above expressed. We will content ourselves by the citation of a few. People v. Azoff, 105 Cal. 632, 39 Pac. 59; People v. Findley, 132 Cal. 301, 64 Pac. 472; Saltzman v. Sunset Teleph. & Teleg. Co. 125 Cal. 501, 58 Pac. 169; Turner v. Tuolumne County Water Co. 25 Cal. 398, 1 Mor. Min. Rep. 107; Ewing v. Lunn, 22 S. D. 95, 115 N. W. 527; Murphy v. Murphy, 1 S. D. 316, 9 L.R.A. 820, 47 N. W. 142; State v. Andre, 14 S. D. 215, 84 N. W. 783.

In support of the general proposition that affidavits of jurors are inadmissible to impeach their verdict, see in addition to the foregoing authorities, Sanitary Dist. v. Cullerton, 147 Ill. 385, 35 N. E. 723; Re Merriman, 108 Mich. 454, 66 N. W. 372; Jones, Ev. 2d ed. ¶¶ 766, 767; 4 Wigmore, Ev. §§ 2345, 2348, 2349, p. 3271.

Nor was the affidavit of plaintiff's counsel admissible. Such affidavit merely recites admissions made to the attorney by certain members of the jury. Manifestly, if the affidavits of the jurors were inadmissible, the affidavit of a third person merely narrating admissions made by such jurors is likewise inadmissible. If authorities are desired in support of this, see Siemsen v. Oakland, S. L. & H. Electric Co. 134 Cal. 494, 66 Pac. 672; People v. Ritchie, 12 Utah, 180, 42 Pac. 209.

The judgment and order appealed from are affirmed.