(March 28, 1923.)

## STATE, Respondent, v. JESS ABBOTT, Appellant.

[213 Pac. 1024; 224 Pac. 791.]

ROBBERY—EVIDENCE—ERROR—PRESUMPTION OF PREJUDICE.

1. Evidence in this case *held* sufficient to justify verdict and judgment.

2. Prejudice will not be presumed from the fact that error has been committed, but it must affirmatively appear that appellant has been prejudiced thereby.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. F. Reddoch, Judge.

Appellant was convicted of the crime of robbery. *Affirmed.*

C. H. Edwards, J. J. Blake and C. C. Cavanah, for Appellant.

Where error intervenes in proceedings of a trial it is presumed to be injurious to the defendant and he is entitled to a new trial, for it is his constitutional privilege to stand upon legal rights. (*People v. Devine,* 44 Cal. 452; *State v. Bidegain,* 34 Ida. 365, 201 Pac. 312.)

Where instructions are not clear, or incorrect or conflicting, it is error and the case should be reversed. (*State v. Fowler,* 13 Ida. 317, 325, 89 Pac. 757; *People v. Bernard,* 2 Ida. 193, 10 Pac. 30; *State v. Webb,* 6 Ida. 428, 55 Pac. 892; *In re Baugh,* 30 Ida. 387, 391, 164 Pac. 529; *People v. Oldham,* 111 Cal. 648, 44 Pac. 312.)

The court erred in giving instruction No. 12, which gives the jury to understand that a crime may be committed by persons concerned in the commission of the crime whether one of them acts feloniously and wilfully or not. (Greenleaf's Evidence, sec. 18; *People v. Majone,* 12 Abb. (N. Y.) 187, 91 N. Y. 211; C. S. 8971, sec. 8972.)

Opinion of the Court—Dunn, J.

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

Instructions No. 14 and No. 15 are correct. (*State v. Morris,* 40 Utah, 431, 122 Pac. 380; *State v. Reese,* 43 Utah, 447, 135 Pac. 270; *State v. Dye,* 44 Utah, 190, 138 Pac. 1193; *State v. Hillstrom,* 46 Utah, 341, 150 Pac. 935; *Cole v. State* (Okl. Cr.), 195 Pac. 901.)

The trial court did not err in denying new trial because of newly discovered evidence. (29 Cyc. 996, subd. 3; 1 Spelling, New Trial and App. Practice, sec. 218; *Butler v. Vassault,* 40 Cal. 74; 14 Ency. Pl. & Pr. 824; *Schnurr v. Stults,* 119 Ind. 429, 21 N. E. 1089; *Morrison v. Carey,* 129 Ind. 277, 28 N. E. 697; *McDonald v. Coryell,* 134 Ind. 493, 34 N. E. 7; *Richter v. Myer,* 5 Ind. App. 33, 31 N. E. 582; *State v. Hill,* 39 Or. 90, 65 Pac. 518; *Cahalan v. Cahalan,* 82 Iowa, 416, 48 N. W. 724; *Smith v. Wagaman,* 58 Iowa, 11, 11 N. W. 713; *Nicholson v. Metcalf,* 31 Mont. 276, 78 Pac. 483.)

DUNN, J.—Appellant was jointly charged with one Nick Mitchell and one Clyde H. Smith with the crime of having robbed one Manuel Coster of $10. Appellant was granted a separate trial, was convicted and moved for a new trial, which was denied. He appealed from the judgment and from the order denying a new trial.

At the outset appellant urges the contention that where error intervenes in a trial "it is presumed to be injurious to the defendant and he is entitled to a new trial," citing *People v. Devine,* 44 Cal. 452. This court has not followed the rule announced by appellant, but, on the contrary, has

held that an appellant must not only show the commission of error but must also show that it was prejudicial to him. (*Territory v. Nelson*, 2 Ida. 651, 23 Pac. 116; *Territory v. Evans*, 2 Ida. 651, 23 Pac. 232, 7 L. R. A. 646; *State v. Corcoran*, 7 Ida. 220, 61 Pac. 1034, and many other cases.)

Appellant assigns six errors, but relies mainly upon the claim that the evidence is insufficient to justify a conviction; that the court erred in giving certain instructions and in denying appellant's motion for a new trial.

The evidence is to some extent circumstantial, but on examination of the entire record leaves no doubt in our minds as to its sufficiency to sustain the verdict and judgment. Looking solely at the printed record this court might say, as it might in many other civil and criminal cases, that certain facts claimed by appellant to be shown by the record might, if considered separate and apart from all other evidence in the case, be susceptible of a construction different from that which the jury appeared to give such facts, but this does not authorize this court to substitute its judgment as to the credibility of witnesses and the weight to be given to their testimony for that of the jury.

Instruction No. 2 was one in which the court undertook to set out the material allegations of the information. In this instruction it failed to state to the jury that to constitute robbery the taking of the personal property must have been done feloniously. This omission was error, but when this instruction is read in connection with all the other instructions given we think it clear that appellant was not prejudiced thereby. In the previous instruction the court had correctly defined robbery as "the felonious taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear." In other instructions the court charged the jury that "the theory of the prosecution is that the defendants Abbott, Mitchell and Smith entered into a conspiracy to commit the crime charged in the information"; that in order to convict they must believe from the evidence beyond a reasonable doubt that appellant

"entered into a combination or understanding with Clyde
H. Smith and Nick Mitchell or either of them to rob Manuel
Coster''; and that in order to convict appellant they must
believe from the evidence beyond a reasonable doubt that
appellant ''aided or assisted said Clyde H. Smith and Nick
Mitchell or either of them to commit the robbery as alleged
in the information.''

The words ''rob'' and ''robbery'' have a well-understood
meaning and we think there can be no question that the
jury understood that it was necessary for the state to prove
to their satisfaction beyond a reasonable doubt everything
that was involved in the statutory definition of robbery,
which includes all that is meant by the word ''felonious''
or ''feloniously.''

Complaint is also made as to the giving of instruction
No. 15 on the impeachment of witnesses. This instruction
is in substance the same as instruction No. 33, which was
disapproved by this court in the case of *State v. Dong Sing*,
35 Ida. 616, 631, 208 Pac. 860. It is an erroneous instruc-
tion, but we think not prejudicial in view of the evidence
shown by the record.

Appellant also complains of the denial of his motion
for a new trial which he based largely on the charge that
one of the jurors had made improper and prejudicial state-
ments of fact to the jury as to appellant's record while
they were deliberating on their verdict. Long after the
trial appellant sought to have the court call before it said
jurors for examination as to what occurred in the jury-room.
Without approving or disapproving this method of procedure
if a satisfactory preliminary showing were made to the
court, it is sufficient to say that the court did not err in
denying appellant the opportunity that he sought to examine
the jurors, for while the motion for a new trial contains
some averments as to misconduct of this juror, the charge
is not supported by any evidence whatever. To have al-
lowed the examination under the circumstances shown by the
record would have been simply to permit counsel for ap-
pellant to embark upon a fishing expedition. Surely if one

seeks to impeach the verdict of the jury by showing misconduct in the jury-room he ought to be able to present some sort of sworn statement to the court that could be called evidence upon which the court would have a right to proceed. Nothing whatever of this character appears in the record.

The other errors assigned are in our opinion without merit, and the judgment is affirmed.

Budge, C. J., and McCarthy, J., concur.

WM. E. LEE, J., Dissenting.—The evidence in this case is entirely circumstantial.

In the case of *State v. Marcoe*, 33 Ida. 284, 193 Pac. 80, this court said: "In order to sustain a conviction based solely on circumstantial evidence, the circumstances must be consistent with the guilt of the accused and inconsistent with his innocence, and incapable of explanation on any other reasonable hypothesis than that of guilt."

In that case the court also said: "If the evidence can be reconciled either with the theory of innocence or guilt, the law requires that the theory of innocence be adopted."

The evidence creates a suspicion that the defendant Abbott committed the crime for which he was convicted, but, in my opinion, it is clearly insufficient upon which to base a conviction. None of the evidence is inconsistent with the innocence of Abbott, and every part thereof is capable of explanation upon the hypothesis that he is innocent.

Applying the rule of law laid down in the case of *State v. Marcoe, supra,* to the evidence in this case, I am firmly of the opinion that the evidence is insufficient to sustain the verdict, and that the judgment should be reversed and a new trial ordered.

I am authorized to say that Mr. Justice William A. Lee concurs in this dissenting opinion.

ON REHEARING.

(April 5, 1924.)

DUNN, J.—Appellant urges that the trial court should have permitted him, on the hearing of the motion for a new trial, to call the jurors for examination as to what took place in the jury-room during the deliberations of the jury.

The verdict of guilty was returned against appellant November 22, 1919, and judgment was pronounced November 29, 1919. Notice of intention to move for new trial, setting forth the grounds, was served and filed October 11, 1920, and the motion was heard about June 10, 1921. It will thus be seen that about a year and a half elapsed between the verdict and the hearing of the motion for a new trial. What we said in the original opinion on this point is applicable to the case now, if the question whether the court erred in refusing to call the jurors for examination is before us. The respondent insists that this matter is not before us for the reason that at the time of hearing the motion for a new trial the court, on motion of respondent, made an order striking from the motion for a new trial and from the affidavit of C. H. Edwards all those portions referring to misconduct of the jury, and that no appeal was taken from said order.

An examination of the record shows the position of respondent to be well taken and that the question of misconduct of the jury is not before us. (C. S., sec. 9068, subd. 3.)

We adhere to the views expressed in the original opinion. The judgment of the trial court is affirmed.

Budge, J., concurs.

McCARTHY, C. J., Concurring Specially.—Upon a re-examination of the case I am not convinced that the evidence is insufficient to sustain the judgment. Neither am

I convinced that the instructions and rulings on the evidence complained of constitute reversible error. The question remains whether the court erred in refusing to hear testimony of the jurymen as to what happened in the jury-room.

The first contention of the Attorney General is that the order of the district court striking that part of the notice of intention to move for a new trial, which deals with the alleged misconduct of one of the jurymen, was an appealable order, that the only way to raise the question was by appealing from it, and that, by reason of the failure to take such appeal, the question is not before us.

The record shows, however, that the motion for a new trial and the prosecutor's motion to strike from the notice of motion were submitted at the same time, and that in one and the same order the court sustained the motion to strike and denied the motion for a new trial, the language used being as follows:

"It is therefore ordered that said motion for a new trial be overruled and is denied and that the request of the defendant permitting him to prove by the jury that the allegations in assignments 4, 5 and 6 are true is also denied and the said motion of the prosecuting attorney striking said assignments numbered 4, 5 and 6, of said motion for new trial is sustained and a new trial is denied, and defendant's exceptions to said rulings are duly noted and allowed."

The appeal is taken from this order. While it is designated in the notice of appeal as an order denying the motion for a new trial, nevertheless it seems to me that the appeal is sufficient to cover all matters involved in the order. The Attorney General quotes from the opinion in *State v. Reed*, 3 Ida. 754, 35 Pac. 706, inveighing against morbid sentiment indulged in favor of criminals. I am of the opinion that neither the state nor the defendant should be the recipient of favors. Statutes in regard to procedure should be construed and applied with a view to

effect their objects, irrespective of whether the state or the defendant will benefit thereby.

In the original opinion this court says:

"The court did not err in denying the appellant the opportunity that he sought to examine the jurors, for while the motion for a new trial contains some affirmations as to misconduct of this jury, the charge is not supported by any evidence whatever. To have allowed the examination under the circumstances shown by the record would have been simply to permit counsel for appellant to embark upon a fishing expedition. Surely if one seeks to impeach the verdict of the jury by showing misconduct in the jury-room he ought to be able to present some sort of sworn statement to the court that could be called evidence upon which the court would have a right to proceed. Nothing whatever of this character appears in the record."

The following is found in the notice of intention to move for a new trial:

"That the jury has received evidence out of court other than that resulting from a view of the premises; which evidence is as follows: When the jury retired to deliberate and consider of a verdict the juror Butler told the jury in substance that he was for a conviction, and that the defendant was a bad man, that he had committed a felony prior to that date, that the felony so committed was in relation to the McBirney Fruit Company and that he went to the army and went overseas to keep from going to the penitentiary for said felony; and that also the counsel of defense was after him as well as sheriff Pfost and the defendant knew that it was either go to the penitentiary or go to the army and to war overseas and he chose the latter. Which said evidence so given by juror Butler was false and not true."

This notice does not state how appellant proposes to prove these allegations. In the order denying the motion for a new trial we find that the court considered "the offer and statement of C. H. Edwards (appellant's counsel) that he would prove by the jury who tried the case and

rendered a verdict therein that the allegations in Nos. 4, 5, and 6 of the assignments of errors in defendant's motion for a new trial were all and each of them correct, and also considered the request of said attorney that the court fix a time when the court would hear said evidence which would show that the allegations in assignments 4, 5 and 6 of said motion for new trial were correct.'' There is no sworn statement by appellant or his counsel that the misconduct occurred as alleged. An explanation of this fact was given on the argument by C. H. Edwards, Esq., one of appellant's counsel, to the effect that he thought any statement by him or appellant as to what occurred in the jury-room would be hearsay and subject to be stricken. This would be true if such statement were relied on as proof of what happened, but would not be true if it were relied on merely for framing an issue and furnishing grounds for the calling of jurors. As it is, the record is somewhat defective, and I thought on the original hearing that the proceeding was a fishing expedition as stated by Justice Dunn. Inasmuch, however, as any statement in the affidavit of appellant or his counsel touching the misconduct of the jurors would have simply served the purpose of presenting the issue, and the same issue seems to have been presented by counsel in open court according to the recitations in the order, I conclude the procedure followed was proper to invoke the power of the court to call the jurymen as witnesses if the court had such power.

I now address myself to the question as to whether the court had that power. At common law the authorities were conflicting as to whether or not the affidavits of jurymen could be used to support an attack upon the purity of the verdict. To begin with no distinction can be made between the use of affidavits and the use of oral testimony of the jurymen. If the court has no right to consider the affidavits of the jurymen, for the same reasons it has no right to consider their oral testimony. No good purpose would be served by citing or quoting from the numerous decisions holding conflicting views. All the decisions agree that a

juryman cannot be heard to attack his verdict by testifying that he was influenced by improper motives or considerations. Some of the decisions hold that a juryman may not testify to improper conduct in the jury-room either by a member of the jury or by someone else. Probably the weight of authority numerically speaking takes this view. Other decisions hold that jurymen may testify to improper conduct by members of the jury or others in the jury-room. If the matter were not controlled by statute, I would prefer the rule of the last mentioned cases. C. S., sec. 6888, provides the grounds for a new trial in civil actions. Subd. 2 provides:

"Misconduct of the jury; and when any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them by the court, by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors."

Other grounds for a new trial are set forth in the other subdivisions but in none of them is it provided that the ground may be established by affidavits of the jurors. C. S., sec. 9017, provides the grounds for a new trial in criminal cases. Two of the grounds mentioned are the reception by the jury of evidence out of court and misconduct of the jury during their deliberations by which a fair and due consideration of the case has been prevented. The statute does not say whether such grounds or any of the other grounds mentioned may be established by affidavits or testimony of the jurors. So far as sec. 6888 is concerned, the argument seems to be unanswerable that, since it provides that a resort by the jury to the determination of chance may be proved by affidavits, and does not make that provision applicable to the other grounds mentioned, proof by affidavits may be resorted to only to prove a resort to the determination of chance. A stronger case could not be imagined for the application of the recognized maxim, "*Expressio unius est exclusio alterius.*" That is the holding of this court in *Griffiths v. Montandon,* 4 Ida. 377, 39

Pac. 548, and *Bernier v. Anderson,* 8 Ida. 675, 70 Pac. 1027. Appellant contends, however, that the provisions of C. S., sec. 6888, have no bearing upon the provisions of sec. 9017 which relates to criminal trials. Sec. 9017 does not say whether affidavits of jurors may be used to establish any of the grounds which it designates as cause for a new trial. The contention is that this leaves it open to the court to adopt any suitable procedure and authorizes any reasonable mode of proof, including the affidavits or testimony of the jurors. In a general way it is, of course, true that the two sections are distinct. If one could ignore the history and antecedents of the statutes the argument of appellant would appear very strong. This, of course, we cannot do. The two statutes were adopted *verbatim* from the California code at a time when they had been construed by the California court. California from the earliest days adopted and abided by the rule that affidavits or testimony of jurymen cannot be used to attack the verdict of the jury in civil or criminal cases, even where the ground of attack be physical acts and occurrences taking place in the presence of the jury, and this irrespective of whether the misconduct be that of the jurymen or other parties. After this rule had existed for some time in California the legislature amended the statute governing the granting of new trials in civil actions so as to provide that a resort by the jury to the determination of chance might be proved by the affidavits of the jurymen. This amendment was. in 1862. (Stats. 1862, p. 38.) After the amendment the California statutes relating to the grounds for a new trial in civil and in criminal cases were the same as our present statutes, the latter being adopted from and modeled upon them. As early as *People v. Baker,* 1 Cal. 404, the California court had held: "We consider it a settled rule founded upon considerations of necessary policy that the testimony of a juryman cannot be received to defeat his own verdict. . . . . the application of the rule is certainly no less necessary in criminal than in civil cases."

To be sure in that case appellant sought to show that the jurymen had formed and expressed an opinion before the trial, and not physical acts upon the trial constituting misconduct. The authorities holding the minority view might distinguish between these two classes of cases. The California court, however, did not make its decision turn upon any such distinction, but emphatically held that in no case could the testimony of a juryman be received to defeat his own verdict. This case was decided in 1851, long before the amendment of the California statute and our adoption of it. Prior to the amendment of the statute the California courts consistently held that in no case, civil or criminal, could the affidavit of a juryman be used to establish any of the grounds for a new trial. It is of course to be presumed that the California legislature knew of these decisions and amended the statute in the light of that information. Since the passage of the amendment the California court has consistently held that the affidavits of jurymen can be used to attack their verdict only for the purpose of showing a resort to the determination of chance. (*People v. Hughes,* 29 Cal. 258; *People v. Gray,* 61 Cal. 164, 44 Am. Rep. 549; *People v. Deegan,* 88 Cal. 602, 25 Pac. 500; *People v. Murray,* 94 Cal. 212, 28 Am. St. 113, 29 Pac. 494; *People v. Azoff,* 105 Cal. 632, 39 Pac. 59.) We adopted the California statute in regard to civil actions in 1881 (Gen. Laws 1880–1881, p. 88, sec. 411), the California statute in regard to criminal actions in 1875 (Rev. Laws 1874–1875, p. 425, sec. 424). The amendment of the California statute was enacted in 1862. *People v. Hughes, supra,* was decided by the California court in 1865. It thus appears to me that when our legislature adopted the California statute it adopted also the construction placed upon it by the California court. It is true that this is not an inflexible rule. It is based upon a presumption and will not be indulged if the court of the state from which the statute is adopted has given it an unreasonable or unconscionable construction. In the present case I cannot see that the California construction is either unreasonable or unconscionable, although, in the ab-

sence of a statute, I would prefer to adopt the other rule. I am therefore constrained to hold that the question is governed by statute in this state, that under our statutes the affidavits or testimony of the jurymen cannot be used as attempted in this case, and that the lower court acted correctly in striking the allegations, refusing to permit counsel to call the jurymen and denying the motion for a new trial. If this be a fault in the statutes, the remedy lies with the legislature, not with the courts. For the reasons given I adhere to the conclusion reached in the original opinion.

William A. Lee and Wm. E. Lee, JJ., dissent.