(June 2, 1900.)

## STATE v. MURPHY.

[61 Pac. 462.]

CRIMINAL LAW—VERDICT OF JURY—IMPEACHMENT OF VERDICT.—The verdict of a jury in a criminal case cannot be impeached by the affidavit of a third person, as to statements by a juror, detailing the case to which an exhibit, taken to the jury-room upon suggestion of counsel for the defendant was put by the jury.

(Syllabus by the court.)

APPEAL from District Court, Owyhee County.

Hawley, Puckett & Hawley, for Appellants.

It was decided by the supreme court of Idaho territory in one of its earlier decisions, that because a file which, in a counterfeiting case, had been introduced in evidence, and taken to the juryroom, had been inspected by the jury, was not such misconduct as would vitiate the verdict, unless it was shown that it had some prejudicial effect on the jury. (*People v. Page,* 1 Idaho, 106; *Gresser v. State* (Tex. Cr.), 40 S. W. 595; 12 Am. & Eng. Ency. of Law, 376; *State v. Sanders,* 68 Mo. 202, 30 Am. Rep. 782; *Yates v. People,* 38 Ill. 527; *Jim v. State,* 4 Humph. (Tenn.) 289; *People v. Tipton,* 73 Cal. 405; *Hendricks v. State,* 28 Tex. App. 418, 13 S. W. 672.) Where facts are established which show that improper influences were brought to bear upon the jury, or that they were guilty of improper conduct such as might have resulted prejudicially to the losing party, a presumption arises against the purity of the verdict; and unless there is testimony which shows that their verdict was not affected by such influence or conduct, it will be set aside. (*Ned v. State,* 33 Miss. 364, 372; *Organ v. State,* 26 Miss. 83; *Commonwealth v. Shields,* 2 Bush, 81; *Davis v. State,* 35 Ind. 496, 9 Am. Rep. 760, note; *Westmoreland v. State,* 45 Ga. 225, 282; *Coker v. State,* 20 Ark. 53, 60; *People v. Turner,* 39 Cal. 370, 375; 12 Ency. of Pl. & Pr. 522 et seq.)

Samuel H. Hays, Attorney General, for the State.

In reply to the argument of appellant, we say that the verdict of a jury cannot be impeached by the affidavit of a juror as to the misconduct of the jury. (*Griffith v. Montandon,* 39 Pac. 548.) And further than this, that the misconduct of the jury cannot be shown by the affidavit of third parties as to statements or declarations made by jurors. (*People v. Azoff,* 105 Cal. 632; *State v. Schaefer,* 116 Mo. 96, 22 S. W. 447; *State v. Corcoran,* 50 La. Ann. 453, 23 South. 511; Thompson & Merriman on Juries, sec. 445; Thompson on Trials, secs. 2604, 2622; 12 Am. & Eng. Ency. of Law, 378; *Taylor v. Commonwealth,* 90 Va. 109, 17 S. E. 812; *State v. Wetherell,* 70 Vt. 274, 40 Atl. 728; *Bailey v. State* (Tex. Cr.), 38 S. W. 992.)

HUSTON, C. J.—The defendant was convicted of murder in the second degree, and from the judgment and the order over-ruling defendant's motion for a new trial, this appeal is taken. There are several assignments of error in the record, but upon the argument before us counsel for appellant presented but one, predicated upon the following facts: Upon the trial the revolver with which the homicide was alleged to have been committed was put in evidence, and upon suggestion of counsel for the defendant the jury were permitted to take it with them when they retired to consider on their verdict. It is now urged that the jury made an improper use of the revolver; that by examination and inspection they discovered some mysterious contrivance or combination therein by which the defendant had secured to himself "a sure thing" in the event of his coming in contact with the deceased. Aside from the fact that the circumstances of the homicide entirely negative any such proposition, the evidence by which it is sought to be established is entirely inadmissible for any such purpose, to wit, the affidavit of a third party as to the statements made by a member of the jury in his presence after the trial. The contention that the verdict of a jury can be impeached in this manner, if recognized, would render jury trials a mere mockery of the law. Finding no error in the record, the judgment of the district court is affirmed.

Quarles and Sullivan, JJ., concur.