October 25, 1900.)

## STATE v. RIGLEY.

[62 Pac. 679.]

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT MURDER—IN-SANITY.—Where the evidence shows a party made an assault with intent to commit murder, and the defense of alcoholic insanity is set up, it must clearly appear from the evidence that the party making the assault had no deliberate intention of doing so, from motive of revenge, for a real or imaginary injury.

IMPEACHING VERDICT—AFFIDAVITS.—Impeaching of a verdict by affidavits, made after the verdict is rendered, cannot be recognized.

(Syllabus by the court.)

APPEAL from District Court, Idaho County.

McFarland & McFarland, for Appellant.

The testimony of the defense, which is uncontradicted, clearly shows that at the time the alleged offense was committed the defendant was afflicted with *mania a potu,* or delirium tremens—in fact, was insane. *Mania a potu* is a species of insanity. (*State v. Hurley,* Houst. Cr. Rep. (Del.) 28.) Delirium tremens is fixed, settled insanity. (1 Wharton's Criminal Law, 48; *Beasley v. State,* 50 Ala. 149, 20 Am. Rep. 292; *Cluck v. State,* 40 Ind. 263.)

Samuel H. Hays, Attorney General, for the State.

It might appear from the instruction of the court that there was no kind of voluntary drunkenness except where the party got in that condition of his own will and accord, and for the purpose of strengthening his intention to commit the particular crime; that is, where the party became intoxicated for the purpose of strengthening his courage. This is too narrow a definition of voluntary drunkenness and was too favorable to the defendant. (*United States v. McGlue,* 1 Curt. 1, Fed. Cas. No. 15,679, 26 Fed. Cas. 1093, and cases there cited; 2 Lawson's Criminal Defenses; 4 Am. & Eng. Ency. of Law, 1st ed.,

707.) It is urged by the defendant that he is entitled to a new trial on account of the alleged misconduct of the juror, J. L. Eckert, in that Eckert is alleged to have made certain statements showing that he had formed an opinion in the case prior to his examination as a juror. The case of *People v. Plummer,* 9 Cal. 299, is cited by appellant to sustain his right to have a motion for a new trial granted on the grounds claimed, but this case is expressly overruled in the case of *People v. Fair,* 43 Cal. 137, which is sustained in *People v. Mortimer,* 46 Cal. 114. (*State v. Davis,* 6 Idaho, 159, 53 Pac. 678.)

HUSTON, C. J.—The defendant was informed against upon a charge of assault with intent to commit murder. He was convicted of an "assault with a deadly weapon likely to produce great bodily injury." From the judgment, as well as from the order denying defendant's motion for a new trial, this appeal is taken.

It appears from the record that the defendant and one Rice were or had been engaged in litigation in regard to some mining property. The defendant had been drinking hard for some time; in fact, as appears from the evidence, at one time shortly prior to the alleged assault, his debaucheries had brought him very near, if not quite, to the point of delirium tremens; but it does not appear that at the time he committed the assault he was delirious, although it is quite evident from the testimony that he was drunk. The theory of the defense is that the defendant was insane. There is no evidence to support such a theory. The kind of alcoholic insanity which simply tends to accelerate the party in seeking revenge for either a real or imagined injury, and which is directed solely against the author of such injury, is a very different disease from that which is motiveless, and results in a mere "delirious fancy and a muscle raised obedient to its impulse." The defendant approached Rice while the latter was quietly reading a newspaper, with his feet elevated upon a table, and, calling Rice's attention to the fact of the difficulty between them, informed him (Rice) that he (defendant) was going to kill him like a dog, and proceeded to carry his threat into execution by drawing and cocking his revolver; and Rice thereupon sprung up,

and seized the revolver. Quite a struggle ensued between Rice and the defendant for the possession of the revolver, during which it was exploded three times, the last shot taking effect in the leg of defendant. That it was the deliberate intention of the defendant, when he made the assault upon Rice, to kill the latter, cannot, we think, under the evidence in the record, be doubted for a moment. If the contention of the defendant is to find recognition, it were best that we should amend our criminal statutes, and make whisky a justification for homicide. We have examined the record in this case with care, and we find no prejudicial error therein. The attempt to justify the alleged assault upon the ground of insanity is not supported by the facts or the law.

As to the other question raised by appellant, to wit, the impeachment of the verdict by affidavits made after verdict rendered, we have to say that such practice has never been recognized by this court. (*State v. Davis,* 6 Idaho, 159, 53 Pac. 678.)

Finding no reversible error in the record, the judgment of the district court is affirmed.

Quarles and Sullivan, JJ., concur.

### ON REHEARING.

(November 15, 1900.)

QUARLES, J.—We have carefully considered the petition for rehearing filed on behalf of the defendant, who is appellant herein, and find that said petition presents no question for consideration which was not fully considered upon the original hearing. After such consideration of the petition for rehearing, we are still of the opinion that the judgment of conviction was properly affirmed, wherefore the petition for rehearing is denied.

Huston, C. J., and Sullivan, J., concur.