[No. 15915. Department Two. January 10, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v.

. TOM McCHESNEY, *Appellant*.[1]

CRIMINAL LAW (347)—MOTION FOR NEW TRIAL—MISCONDUCT AF-. FECTING JURORS. Affidavits of a juror stating facts constituting misconduct, but not attempting to state what effect it had on the jury, do not come within the rule that a juror will not be heard to impeach his own verdict.

SAME. Misconduct of a juror will not be considered as ground for a new trial where the affidavit of the juror denies the alleged misconduct.

SAME. A new trial in a prosecution for stealing cattle must be granted, where one of the jurors admitted to the making of statements in the jury room as to his loss of cattle, traced to the vicinity of the defendant's residence, which were entirely outside of the evidence and might be extremely prejudicial.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered December 11, 1919, upon a trial and conviction of grand larceny. Reversed.

*Edward A. Davis*, for appellant.

*E. M. Gibbons* and *C. M. O'Brien*, for respondent.

[1]Reported in 194 Pac. 551.

TOLMAN, J.—Appellant was tried and convicted upon a charge of grand larceny. A motion for a new trial was interposed, denied by the trial court, and from a judgment and sentence this appeal is prosecuted.

The only question raised here is the ruling of the trial court on the motion for a new trial. The motion was supported by the affidavits of two of the jurors who tried the case, to the effect that one of the other jurors, after the jury was empaneled and before the evidence was all received, said in the presence of the other jurors, or some of them:

"That he had lost $1,000 worth of cattle in one summer and he knew where they went, and that he had traced them as far as Kahlotus where the defendant lived; that a fellow told him not to let his cattle get on the east side of Sulphur Lake or they would be in Utah where the defendant has a homestead, or might be in Canada;"

and repeated the same statement in the jury room while the jury was deliberating, and was most insistent upon conviction, saying further:

"That they had just as well cinch Tom McChesney for if they didn't his brothers-in-law were going to."

And that still another juror in the cause, during such deliberation, said:

"That he had been upon another jury where the defendant was tried and that they had acquitted the defendant once and therefore they didn't want to do it again; that two other jurors made the same statements."

An affidavit made by appellant's attorney was also filed with the motion, stating where the appellant and the various jurors lived, the location of the town of Kahlotus, Sulphur Lake, etc., to show the meaning and effect of the statements alleged to have been made. The state submitted the affidavits of the jurors directly

named by way of answer, the material part of the first being as follows:

"That as one of the jurors in said matter I have read the affidavits of George L. Cutler and Emil Swanson, two other jurors who were empaneled to try said cause, and affiant alleges that he did in fact say, that he had lost some cattle in one summer, and that they disappeared, and that he had traced the wagon track to the town of Kahlotus, Washington; but affiant denies that he made any statement to said jurors or to any one else that defendant Thomas McChesney or any other person had taken said cattle, and in fact affiant did not know the said defendant Thomas McChesney and had never heard of him, and did not know that anyone had ever charged said McChesney with larceny of any property and affiant alleges that when he was sworn to try said cause, that he had never heard of said cause and that said defendant was not known personally to affiant, and affiant had no personal interest in said matter, and knew none of the facts in said matter, and his conviction and verdict that said defendant Thomas McChesney was guilty of the charge of stealing a saddle was based entirely upon the evidence adduced at the trial and the instructions of the court, and affiant was not influenced by statement that he had lost some cattle, as in fact, affiant did not know they were stolen or not, and affiant further alleges that someone told him that he had better keep his cattle on the west side of Sulphur Lake, as they might disappear, but affiant's informant did not make any charges or intimated who might be responsible for the disappearance of his cattle, and such statement did not influence affiant in arriving at his verdict in said cause, and affiant did not try to influence any other juror or jurors, in any way or manner, except upon the evidence adduced at the trial while the jury was deliberating."

The affidavit of the second juror named was a direct denial of having made the statement attributed to him, coupled with an admission that he had been a juror in

another criminal case against the same defendant tried at the same term of court in which case the defendant had been acquitted, but asserting that he was not prejudiced by that fact.

It will be observed that the affidavits upon which appellant relies, purport to state facts constituting misconduct, and do not attempt to state what effect this alleged misconduct had upon the jury, and therefore do not come within the rule that a juror will not be heard to impeach his own verdict. *State v. Parker,* 25 Wash. 405, 65 Pac. 776; *Marvin v. Yates,* 26 Wash. 50, 66 Pac. 131; *Ralton v. Sherwood Logging Co.,* 54 Wash. 254, 103 Pac. 28; *State v. Aker,* 54 Wash. 342, 103 Pac. 420, 18 Ann. Cas. 972. As we have seen, the reply affidavit of the second juror involved, denies the statement attributed to him, and therefore the alleged misconduct on his part will not be further considered. *State v. Underwood,* 35 Wash. 558, 77 Pac. 863; *State v. Moretti,* 66 Wash. 537, 120 Pac. 102.

We have carefully weighed the language of the reply affidavit of the first juror involved, and cannot find in it more than a partial denial of the facts charged as constituting his misconduct. The direct admissions contained therein of the fact that he had told the jury that he had lost some cattle, that he had traced a wagon track to the town of Kahlotus, presumably as a part of his search for the lost cattle, and that he had been informed that he had better keep his cattle west of Sulphur Lake or they would disappear, in view of appellant's residence being at Kahlotus, and the other facts known to the jury, might well give his hearers to understand that, by innuendo at least, he intended to accuse appellant of the theft. As all of this was wholly outside of the evidence in the case and might be extremely prejudicial, we think this case falls within

the rule of *State v. Parker, supra,* and reluctant though we are to disturb a verdict which has the approval of the trial court, yet, because of the facts undenied and admitted, which constitute misconduct, we must hold that a new trial should have been granted.

Reversed with directions to grant the motion for a new trial.

HOLCOMB, C. J., and MITCHELL, J., concur.