(No. 5089. July 25, 1928.)

STATE, Respondent, v. JOSHUA JESTER, Jr., Appellant.

[270 Pac. 417.]

Scatterday & Stone and Frawley & Koelsch, for Appellant.

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

WM. E. LEE, C. J.—Joshua Jester, Jr., was convicted of embezzlement. The information charged that, while treasurer of the Pioneer Irrigation District, he unlawfully, etc., appropriated certain moneys of the district to his own use. This appeal is from the judgment and an order overruling motion for a new trial.

Although no imperfections in the criminal complaint, on which the preliminary examination was held, are pointed out, it is urged that the court erred in overruling appellant's motion to quash the information because the complaint failed to state a public offense. Conceding, without deciding, however, that the complaint fails to state a public offense, it does not follow that the trial court erred in refusing to quash the information. It is the rule in California that a defendant will be held to answer for any offense shown to have been committed, where there is sufficient evidence of his guilt, even though the complaint fails to state a public offense; that the information depends on the commitment, and not on the complaint. (*People v. Warner,* 147 Cal. 546, 82 Pac. 196; *People v. Storke,* 39 Cal. App. 633, 179 Pac. 527; *People v. Lee Look,* 143 Cal. 216, 76 Pac. 1028. See, also, *People v. Hinshaw,* 194 Cal. 1, 227 Pac. 156.) Following this rule of the California courts (under statutes similar to our own), it was held in *State v. Main,* 37 Ida. 449, 216 Pac. 731, as follows:

"Moreover, even a fatal defect in a complaint filed before a committing magistrate does not warrant setting aside

an information, where the defendant has been properly committed after a preliminary hearing at which evidence was introduced. After the hearing the complaint has served its function. An objection based upon defects in the complaint is available only while the defendant is held under the warrant of arrest issued on the complaint. After a valid commitment has been issued and information filed, the jurisdiction of the district court does not depend upon the complaint filed in the magistrate's court and defects in it are immaterial.''

It is contended that the holding in the Main case was *dicta*, in that the complaint stated a public offense. Even though that decision went further than was necessary, it is a correct statement of the law, and is reaffirmed as decisive of the question here presented.

In several particulars it is contended that the evidence is insufficient to support the verdict. To set forth in detail the substance of the evidence contained in the voluminous transcript and numerous exhibits would serve no useful purpose. Three separate audits of appellant's accounts, as treasurer of the Pioneer Irrigation District, disclosed a shortage of more than nine thousand dollars. Although a witness in his own behalf, he neither denied what the audits disclosed nor explained the shortage in the funds. His principal defense was based on the fact that certain of the records were stolen from the vaults in the district's office immediately before his accounts were to be audited and that an exact audit could not be made. The audits were made from other records and data; and the shortage shown was computed by allowing appellant credit for every obligation of the district that could have been paid by him during the period covered by the missing records; and some of these obligations it later appeared had not in fact been paid. All moneys received by appellant were deposited to the credit of the district in the Caldwell Commercial Bank and he alone had authority to draw on the account. The evidence, although in some respects conflicting, and to quite an extent circumstantial, is sufficient to

justify the jury's verdict. In *State v. McLennan,* 40 Ida. 286, 231 Pac. 718, it is said:

"Circumstantial evidence is often the only means of establishing the ultimate fact of guilt; and such evidence alone will support a conviction if it produces a belief beyond a reasonable doubt in the minds of the jury that the accused is guilty; and the conclusion of guilt need not necessarily follow from the circumstances in proof but may be obtained therefrom by probable deductions. The accused's evasions, denials, contradictions and falsities may be considered as links in the chain of circumstantial evidence showing his guilt. 16 C. J., sec. 1566, p. 762.

"In order to sustain a conviction based solely on circumstantial evidence the circumstances must be consistent with the guilt of the accused and inconsistent with his innocence, and incapable of explanation on any other reasonable hypothesis than that of guilt. (*State v. Marcoe,* 33 Ida. 284, 193 Pac. 80.) However, this rule operates only on the facts found by the jury and not on mere items of evidence adduced; and only those facts essential to a conviction need be incompatible with any reasonable hypothesis of innocence. The evidence need not demonstrate the guilt of the defendant beyond the possibility of his innocence; and if the circumstances as proved produce a moral conviction to the exclusion of every reasonable doubt, they need not be absolutely incompatible, on any reasonable hypothesis, with the innocence of accused. That is, if all the material circumstances in evidence point to guilt and exclude any reasonable hypothesis except that of guilt—in other words, if they are inexplicable on the theory of innocence—a conviction is warranted. (16 C. J., sec. 1568, p. 763.)"

Neither does it follow from the fact that the evidence was largely circumstantial that the necessary intent to embezzle was lacking, for such an intent may be proved by circumstantial evidence. (*State v. Sage,* 22 Ida. 489, Ann. Cas. 1914B, 251, 126 Pac. 403.)

Appellant urges that the court erred in the admission in evidence of certain books and records of the

Caldwell Commercial Bank and the Pioneer Irrigation District in that no proper foundation had been laid therefor. The sufficiency of the preliminary proof to justify the admission of books and records in evidence, in the first instance, is in the discretion of the trial court. A sufficient foundation was, without doubt, laid for the admission of most of the exhibits. As to those concerning which there might be a question, appellant has failed to suggest a single respect in which he was injured. It is, therefore, unnecessary to determine whether error was committed in the admission of any of the exhibits, for to justify a reversal of the judgment the error must have been prejudicial. (*State v. Corcoran*, 7 Ida. 220, 61 Pac. 1034.)

It is urged that by sustaining an objection to a question propounded the witness Evans, as to a shortage existing in the accounts of appellant's predecessor in the treasurer's office of the district, the court denied the right to inquire into the witness' ability as an auditor. The form of the question did not disclose such purpose. No explanation or offer of proof was made.

There was no error in refusing to permit appellant to cross-examine the witness Evans "as to whether or not his deed of gift to his wife was occasioned in any way by the facts in this case." The fact sought to be elicited was entirely immaterial.

During the examination of the witness Snell, who had made an audit of the books of the district, it was disclosed that he had prepared a memorandum containing a list of questions and answers, of which the prosecuting attorney had a copy, and that the prosecuting attorney had propounded the questions thus prepared for him and the witness had used the memorandum in making certain of his answers. The witness explained that he made the memorandum for the purpose of enabling him "to follow the sequence of the testimony . . . . because his hearing was not very good . . . . so that he could see the questions . . . . for the purpose of bringing in all the facts that I considered pertinent . . . . so that nothing would be overlooked," and "to

save time in looking up the matter of figures which otherwise would be necessary for me to refer to random working sheets.'' The memorandum was prepared a few days before the trial while the audit had been made some two or three years theretofore. It was not used for the purpose of refreshing the witness' memory except possibly as to figures and amounts and the designation of exhibits. A motion to strike the "entire testimony of the witness" on the ground that "it is not his testimony given from memory or testimony given from reference to records" was denied. Why counsel for appellant did not sooner object to the use of the memorandum is not disclosed. Its use from the beginning must have been apparent. However, the motion to strike was addressed to all the testimony of the witness, and a number of questions and answers appear in the transcript that were not contained in the memorandum. Even conceding that the motion should have been sustained as to that portion of the testimony read from the memorandum, since it was sought to strike all the testimony, the court did not err in denying the motion. (*People v. McFarlane,* 138 Cal. 481, 71 Pac. 568, 72 Pac. 48, 61 L. R. A. 245.)

As to the course pursued by the witness and the prosecuting attorney, it may be said to possess all the evils of leading questions. Furthermore, the statute (C. S., sec. 8033) in providing when a witness "is allowed to refresh his memory," impliedly at least requires that in other instances a witness answer questions from memory. And it is safe to say that generally answers should not be written out in advance and read into the record. (2 Wigmore on Evidence, 2d ed., secs. 787, 787a, 788.) However, it does not appear that appellant was injured. At his request, the entire memorandum was admitted in evidence, although it was not used by the witness in his further examination. A careful comparison of the questions and answers of the witness in the transcript discloses that the memorandum was probably of more use to the prosecuting attorney than the witness, in that the prosecuting attorney propounded many of the questions in exactly or substantially the language of

the memorandum, while the witness in very few cases followed the wording of the prepared answers. As bearing on this question, it may be said that two other auditors testified to substantially the same state of facts detailed by the witness Snell. Much discretion is reposed in the trial judge to regulate the examination of witnesses. While, therefore, the course pursued by the prosecuting attorney and witness is not approved, we cannot say, under all the circumstances, that the use of the memorandum justifies a reversal.

 Error is predicated on the action of the prosecuting attorney in asking appellant, on cross-examination, if there had not been a shortage in the accounts of the county assessor during the period when appellant was employed in that office. The following objection was immediately made:

"Mr. Koelsch: We object to that, if the Court please, and assign that as a matter of error, assign that as prejudicial error and that the prosecuting attorney has wilfully and purposely injected this question into the record for the purpose of prejudicing this defendant before this jury,"— and the court stated: "The Court: Objection sustained, and the jury will be instructed at this time to pay no attention and to wholly disregard this statement of the prosecuting attorney in your final determination of this case."

Without doubt the question was improper and should not have been asked. Under the circumstances the court acted properly; it not only sustained the objection but went further and instructed the jury to disregard the question in their determination of the cause. It is, of course, impossible for the trial court to foresee and prevent the asking of improper questions. Counsel are supposed to be familiar with and conform to the rules of evidence. A belief in a defendant's guilt and a desire to secure his conviction never justifies a prosecuting attorney in knowingly injecting into the record such extraneous matter as might necessitate a new trial. The motion for new trial was based in part on the improper question, and that motion was

denied. The trial court was in a better position than this court to determine the effect of counsel's misconduct. It was evidently of the opinion that appellant had a fair trial and that the jury returned a proper verdict. An examination of the authorities discloses that no general rule has been evolved by which it is possible to precisely determine the gravity of the misconduct that will require a reversal of a judgment in a criminal case. Certainly the verdict of the jury should not be vacated and a new trial ordered unless a substantial right of the accused has been invaded and he has not been accorded a fair trial. It is our conclusion that the asking of the improper question alone, in view of the admonition given the jury, did not constitute such misconduct as to justify a reversal of the judgment. (See *State v. Williams,* 126 Kan. 375, 267 Pac. 1095.)

In support of the motion for a new trial, appellant filed the affidavits of four jurors to the effect that, after the case had been finally submitted to the jury, certain of the jurors actually discussed and considered the matter of the shortage in the accounts of the assessor, which the court had instructed them not to consider; and that it was stated, during the deliberations of the jury, that, relying on the audit of one Elmer Fox, the official surety on the bond of appellant had paid the irrigation district the amount appellant was accused of having embezzled. This court held, in *State v. Boykin,* 40 Ida. 536, 234 Pac. 157, following *State v. Abbott,* 38 Ida. 61, 213 Pac. 1024, 224 Pac. 791, that in a criminal case a party will not be permitted, by affidavit of a juror, to show misconduct in the jury-room with the single exception that the verdict was arrived at by chance. While the writer was not in accord with the rule announced in those cases and feels that the present case is an excellent example of the injustice resulting from the construction placed on the statute in those opinions, the alleged misconduct in this case is not within the exception, and the rule announced in those decisions is decisive of the question presented.

After the case had been submitted, the jury returned into court and requested the reading of certain of the testimony of appellant. The prosecuting attorney and the defendant and his counsel were present. The reading of a portion of the testimony at the request of the jury is authorized by C. S., sec. 8979. (*People v. Smith,* 3 Cal. App. 62, 84 Pac. 499. See, also, *State v. Leavitt,* 44 Ida. 739, 260 Pac. 164.)

There were several character witnesses who testified on behalf of appellant. As to one witness, who had never heard appellant's reputation discussed, the court struck his evidence. The state made no effort to rebut the character evidence, and, in view of the fact that several witnesses testified as to appellant's reputation, it would be absurd to reverse the judgment because the court struck the evidence of one.

The court did not err in refusing to permit appellant to testify that he owned his home. The ownership of a home had no bearing whatever on the question of appellant's guilt or innocence.

Judgment affirmed.

Budge, Givens, Taylor and T. Bailey Lee, JJ., concur.

(October 3, 1928.)

### ON PETITION FOR REHEARING.

WM. E. LEE, C. J.—A rehearing is asked on several grounds. The only point that would seem to require specific mention is that which refers to the alleged misconduct of the jury in considering the improper question of the prosecuting attorney as to an alleged shortage in the accounts of a former county assessor. In this respect it is argued that *State v. Boykin* and *State v. Abbott, supra,* merely announce a rule of evidence with respect to proving the misconduct of a jury; and that where such affidavits are before the court, without objection, they should be con-

sidered. The prosecuting attorney objected to consideration of the affidavits. The court reserved its ruling and denied a new trial without specifically passing on the objection. Appellant contends that, since the prosecuting attorney made no further effort to secure a ruling, his objection to the affidavits must be deemed waived.

Under the facts, the prosecuting attorney will not be deemed to have waived his objection to the consideration of the affidavits offered by appellant; and, under the circumstances, under the rule announced in the Boykin and Abbott cases, the trial court should not have considered them. As to the affidavits offered by the state, conceding without deciding that it was proper to consider them, clearly they do not show such misconduct as to require a new trial.

Rehearing denied.

Budge, Givens and Taylor, JJ., concur.

T. Bailey Lee, J., did not participate in the decision on rehearing.