(No. 6148. May 3, 1935.)

STATE, Respondent, v. STEVE CACAVAS, Appellant.

[44 Pac. (2d) 1110.]

C. M. Jeffery, for Appellant.

Hon. B. H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

GIVENS, C. J.—Appellant, convicted of the felony of furnishing intoxicating liquor to a minor, seeks a reversal on the insufficiency of the evidence, misconduct of certain jurors in the jury-room, and the trial court's refusal to direct a verdict in his favor.

Appellant insists the two girls to whom it is asserted the liquor was given were impeached and unworthy of credence, and uncorroborated, and that their testimony is the sole basis for the verdict, and hence is not sufficient to support the same.

Neither I. C. A., sec. 18–217, making it a felony for any person to sell or give or furnish intoxicating liquor to any minor, nor any other statute requires that the evidence or testimony of the complaining witness must be corroborated.

 It is within the province of the jury to believe or to disbelieve the testimony of any witness, or any portion of such testimony, even though such witness may have in some respects testified falsely in respect to a material matter, or been contradicted. (70 C. J., sec. 1338; 6 Jones on Evidence, 2d ed., 4813; 26 Cal. Jur. 169, sec. 143; I. C. A., sec. 16–201; *State v. Harp*, 31 Ida. 597, 173 Pac. 1148; *State v. Sims*, 35 Ida. 505, 206 Pac. 1045; *Bodenhamer v. Pacific Fruit & P. Co.*, 50 Ida. 248, 295 Pac. 243; *State v. Driskill*, 26 Ida. 738, 145 Pac. 1095; *State v. Hopkins*, 26 Ida. 741, 145 Pac. 1095; *State v. Bush*, 50 Ida. 166, 295 Pac. 432; *State v. Keyser*, 38 Ida. 57, 219 Pac. 775; *Webster v. McCullough*, 45 Ida. 604, 264 Pac. 384; *Gordon v. Sunshine Min. Co.*, 43 Ida. 439, 252 Pac. 870; *State v. Boyles*, 34 Ida. 283, 200 Pac. 125; *Baird v. Gibberd*, 32 Ida. 796, 189 Pac. 56; *Schmidt v. Williams*, 34 Ida. 723, 203 Pac. 1075; *People v. Quon Foo*, 57 Cal. App. 237, 206 Pac. 1028; Decennial Digest, "Witnesses," sec. 397.)

 The jury by their verdict have resolved the conflicts, inconsistencies and contradictions herein in favor of the state, and there is sufficient evidence herein to justify the action of the jury in this regard and sustain the verdict. Hence under the well-known rule it will not be disturbed.

 The misconduct charged to the jury was in the jury-room, after the case had been submitted to the jury for its consideration, consisting of statements concerning liquor given to the daughter of one of the jurors, not by the appellant or anyone connected with him, which the juror claimed led to the daughter's downfall and later being shot, and a review of the history of certain controversies between appellant, his brother and a man named Volkmeir, and the bombing of the latter's home. Four members of the jury were called before the court on motion for new trial, and gave oral testimony to the above effect which on motion of the prosecution was ordered stricken. No evidence other than the testimony of such jurors was offered in support of this point and it was not contended that the verdict was reached by chance or lot. This court, in line with universal

authority, has four times held, after an exhaustive examination of the question, that the testimony of jurors may not be thus used to impeach their own verdict. (*State v. Boykin,* 40 Ida. 536, 234 Pac. 157; *State v. Abbott,* 38 Ida. 61, 213 Pac. 1024; rehearing, 38 Ida. 66, 224 Pac. 791; *State v. Jester,* 46 Ida. 561, 270 Pac. 417; *State v. Farnsworth,* 51 Ida. 768, 10 Pac. (2d) 295; and cases cited in 16 C. J. 1236, n. 50.) This point may not, therefore, avail appellant.

A refusal to advise a jury to acquit is entirely discretionary with the trial court and no abuse thereof is shown therein. (*State v. McClurg,* 50 Ida. 762, 300 Pac. 898; *State v. Stevens,* 48 Ida. 335, 282 Pac. 93; *State v. Sullivan,* 34 Ida. 68, 199 Pac. 647, 17 A. L. R. 902; *State v. Shelton,* 46 Ida. 423, 267 Pac. 950; *State v. Smith,* 46 Ida. 8, 265 Pac. 666; *State v. Mason,* 41 Ida. 506, 239 Pac. 733; *State v. Brassfield,* 40 Ida. 203, 232 Pac. 1; *State v. Foell,* 37 Ida. 722, 217 Pac. 608; *State v. Swennen,* 36 Ida. 219, 209 Pac. 1072; *State v. Chacon,* 36 Ida. 148, 209 Pac. 889.)

Judgment affirmed.

Budge and Ailshie, JJ., concur.

Petition for rehearing denied.

HOLDEN, J., Dissenting.—I dissent from the rule held in *State v. Boykin,* 40 Ida. 536, 234 Pac. 157; *State v. Jester,* 46 Ida. 561, 270 Pac. 417; *State v. Farnsworth,* 51 Ida. 768, 10 Pac. (2d) 295, and adhered to by the majority in the case at bar, to the effect that a defendant cannot, on a motion for a new trial, show, by the testimony of a juror, overt· acts of misconduct of a fellow juror, or jurors.

It is well settled on grounds of public policy that a juror will not be heard to impeach his own verdict; that he will not be allowed to state what influenced him in voting for the verdict, or the ground upon which the verdict was based, or that the verdict·resulted from a misunderstanding of the court's instructions. But there is a clear distinction between permitting a juror to state what caused him, or other

jurors, to agree upon their verdict, and permitting a juror to state that another juror informed his fellows of what he knew about the case, other than what he learned during the trial of the case from witnesses and documentary evidence. For example, a juror might slip into a jury-room a false or otherwise inadmissible confession of a defendant, offered by the prosecution and rejected by the trial court, and pass it around among the other jurors to read. In such a case, a juror would not be permitted to testify that the false confession influenced him or his fellow jurors in arriving at a verdict, but on a motion for new trial, a juror ought to be permitted to state that such a paper was slipped into the jury-room and read by the jurors. It is then the duty of the trial court to determine whether such misconduct influenced the jury in reaching its verdict. Under the rule announced in the majority opinion, in any case where the jury received evidence out of court, either by the circulation among the jurors of a false and inadmissible confession, or otherwise, a defendant would not be permitted to show, by the testimony of any member of the jury, either that such a paper had actually been circulated among and read by all of the jurors, or that evidence of any nature had been received out of court by the jury.

The majority rule clearly and absolutely nullifies a statutory right vested in a defendant by section 19–2307, I. C. A., which provides: "Grounds for new trial—When a verdict has been rendered against the defendant the court may, upon application, grant a new trial in the following cases only: . . . . (2) When the jury has received any evidence out of court other than that resulting from a view of the premises. . . . . ''

That affidavits in a criminal case, purporting to state facts constituting misconduct and not attempting to state what effect such alleged misconduct had upon the jury, does not come within the rule that a juror will not be heard to impeach his own verdict, see *State v. McChesney*, 114 Wash. 113, 194 Pac. 551; *Perry v. Bailey*, 12 Kan. 539; *Woodward v. Leavitt*, 107 Mass. 453, 9 Am. Rep. 49; *Mattox v. United*

*States,* 146 U. S. 140, 13 Sup. Ct. 50, 36 L. ed. 917; *United States v. Ogden,* 105 Fed. 371; *State v. Rambo,* 69 Kan. 777, 77 Pac. 563; *State v. Clark,* 34 Kan. 289, 8 Pac. 528; *Harris v. State,* 24 Neb. 803, 40 N. W. 317; *State v. Parker,* 25 Wash. 405, 65 Pac. 776; *Leith v. State,* 206 Ala. 439, 90 So. 687.

MORGAN, J., Concurring.—In concurring in the affirmance of the judgment of conviction I desire it be understood I am not in accord with the theory that the testimony of a juror is incompetent to show misconduct on the part of other jurors which, if testified to by one not a member, would impeach the verdict. With respect to this theory I am in accord with the views expressed in the dissenting opinion of Justice Holden.

As I understand the testimony of jurors in this case, as to statements made by some of them during their deliberations, these statements had no bearing on the guilt or innocence of appellant and were not prejudicial to him. It is on this theory I concur.