(No. 7229. December 12, 1944)

STATE OF IDAHO, Respondent, v. CORBETT ROBERT (Bob) MILLER, Appellant.

(154 P. (2d) 147)

J. H. Felton for appellant.

Bert H. Miller, Attorney General; J. R. Smead, Assistant Attorney General, and Frank F. Kimble for respondent.

GIVENS, J.—Following a drinking revelry the evening of January 10, 1944, attended by appellant, his sister the deceased, both Indians, several white men and possibly one white woman, about twelve p. m., deceased was shot from the front in the left leg about six inches above the knee, severing the saphenous artery where it divides back of the popliteal space, and fracturing the femur. Found by the police officers within three or four minutes of the shooting, attracted thereby, no first aid was then given deceased; some twenty minutes later she was taken to a hospital and died from shock and loss of blood about two hours later. The shooting occurred adjacent to the house in the southeast portion of Orofino occupied by deceased and apparently three children, two of whom were in bed at the time, the other, about ten years old, playing outside because of the rough conduct within, who gave monosyllabic testimony concerning the same of but little value. In the house was a white man in a drunken stupor on a bed. Two white men, the other white people having previously left, immediately prior to the shooting had gone out of the house voluntarily or requested to do so by the deceased, there being testimony that she and her brother were to some extent engaged in a dispute or quarrel. There was evidence that when the police officers arrived appellant was kneeling holding deceased's head, who indicated her brother had shot her, the two white men accused appellant at that time of doing the shooting, and he didn't deny it, also, on the way to jail that night and the next day he stated he killed her, though he had not meant to, and also stated that he hadn't shot her. A shattered bullet was found some time later where the deceased fell, and identified as a .44 having been shot from the gun owned by and found in appellant's car immediately outside the building, where he told the police officers it was. A physician testified that from the nature of the wound deceased must have fallen where shot.

Appellant in his own defense denied the shooting, testified he had been beaten up (denied by others present) and had imbibed so much intoxicating liquor he was not sure just what had happened.

Prosecuted on a charge of murder in the first degree, he was convicted of manslaughter.

■ Appellant assigns as error the refusal of the trial judge to permit cross-examination of the police officers with regard to how many liquor bottles, empty or full, were found in the house the evening of the shooting, over the objection this had not been gone into in chief. The ruling was unduly restrictive, but was not prejudicial because the same matter was gone into extensively without objection with other state witnesses, who were there at the time of the carousal. It was proven beyond peradventure of a doubt all present except the children were well liquored up, and appellant has not indicated how this restriction on the cross-examination injured him.

■ Appellant's assignment that the court failed to instruct on excusable homicide under sec. 17-1109, I. C. A. is without merit because there was not enough exculpatory evidence to justify it, and there was no request. (*State v. Dunlap,* 40 Ida. 630, 235 P. 432; *State v. Jurko,* 42 Ida. 319, 245 P. 685; *State v. Brace,* 49 Ida. 580, 290 P. 722, 70 A. L. R. 417n; *State v. Farnsworth,* 51 Ida. 768, 10 P. (2d) 295, 87 A. L. R. 1373n; *State v. Boyatt,* 59 Ida. 771, 87 P. (2d) 992, 133 A. L. R. 1455n; *State v. White,* 7 Ida. 150, 61 P. 517.)

■ As instructed by the trial court under 17-116, I. C. A., voluntary intoxication affects intent but does not otherwise make a homicide excusable. If appellant only meant to scare deceased and not to kill her, he did not so testify at the trial. There was no affirmative evidence applicable to the bruited instruction. As the burden rests upon appellant to establish mitigation (19-2012, I. C. A., *State v. Jurko,* supra, at 334), it was his duty to request the instruction desired.

■ A motion for new trial was sought on affidavits of the sheriff, his deputy, coroner, and the attorney who by appointment represented appellant at the trial, not on appeal, to the effect they thought the verdict was erroneous, had talked with some jurors and others who thought the verdict was not correct; that the sheriff had found a bullet hole in a building adjacent to the shooting which indicated the shot had not been fired from a .44 but a .22; and the jury had been adversely influenced because appellant's brother of bad repute had been convicted of another offense at the same term of court. While all stated they did not know these facts and circumstances (except talking to jurors, whose verdict directly or indirectly cannot thus be im-

peached, *State v. Rigley,* 7 Ida. 292, 62 P. 679; *State v. Boykin,* 40 Ida. 536, 234 P. 157; *State v. Jester,* 46 Ida. 561, 270 P. 417; *State v. Cacavas,* 55 Ida. 538, 44 P. .(2d) 1110) at the time of the trial, there was no adequate reason or excuse given for not having ascertained this information prior thereto. Therefore, under the well known rule, even if the substance of this evidence was admissible or would be persuasive on a new trial, which is doubtful, it did not render the refusal of a new trial erroneous. (*State v. Bond,* 12 Ida. 424, 86 P. 43; *State v. Fleming,* 17 Ida. 471, 106 P. 305; *Scott v. Watkins,* 63 Ida. 506, 122 P. (2d) 220.)

██ Vague surmises or conjectures that some one else might have committed the offense, there being nothing in the evidence to sustain the same, does not warrant a new trial or a reversal. (*State v. Caviness,* 40 Ida. 500, 235 P. 890.)

The instructions were fair and clear, and there was ample evidence on the part of the state to justify the verdict.

██ The judgment is therefore affirmed, except that we believe the ends of justice will be sufficiently and best satisfied by reducing the minimum of the sentence from four years to one year, *State v. Boyatt,* supra, which is so ordered.

Holden, C. J., and Ailshie and Dunlap, JJ., concur.

BUDGE, J., concurring and dissenting.—I concur in the majority opinion except that portion wherein it is held that the judgment be affirmed "except that we believe the ends of justice will be sufficiently and best satisfied by reducing the minimum of the sentence from four years to one year." From that part of the majority opinion I dissent.