255 P.2d 713

**STATE v. MARTIN.**

No. 7906.

Supreme Court of Idaho.

March 31, 1953.

Dean Kloepfer, Burley, Walter M. Oros, Boise, for appellant.

Robert E. Smylie, Atty. Gen., William H. Bakes, Asst. Atty. Gen., Norman H. Nielson, Pros. Atty., Burley, for respondent.

TAYLOR, Justice.

Appellant was convicted of selling intoxicating liquor to two state agents, at her place of business known as the Lee Rooms in Burley, on the early morning of March 30, 1952, without having procured a license to do so.

The denial of her motion in arrest of judgment is assigned as error. The motion urges two grounds. First, that the information fails to set forth facts sufficient to constitute a public offense. Second, that it fails to set forth facts sufficient to determine whether accused is charged with a misdemeanor or a felony

since it does not allege the acts allegedly committed were done "feloniously", and therefore fails to comply with §§ 19–1409 and 19–1410 I.C.

The charge in the information is as follows:

"That the said Kay Martin on or about the 31st day of March, 1952, at Burley, in the County of Cassia, State of Idaho, did then and there wilfully, intentionally and unlawfully sell intoxicating liquor, to-wit: whiskey, to Wesley Rudolph and Carl LaFitte without having first procured a license to do so from the State of Idaho as required by Section 23–938 of the Idaho Code."

The section referred to in the information is the one which provides the penalty for selling liquor without a license, and expressly makes the offense a felony. Hence, appellant was advised by the information that she was accused of a felony, even though the word feloniously was not used. State v. Basinger, 46 Idaho 775, 271 P. 325; State v. Kenworthy, 68 Idaho 312, 193 P.2d 838.

In further support of this claim of uncertainty appellant cites § 23–935 I.C., which provides that "Any person violating any of the provisions of this act, except where a specific penalty is provided, shall be guilty of a misdemeanor * * *." This is a general provision and by its terms does not apply to the charge here, "where a specific penalty is provided".

■ Error is urged in the giving of instruction No. 7. The first paragraph is as follows:

"You are instructed that section 23–938 of the Idaho Code provides in part:

" 'Any person who sells or keeps for sale any liquor without a license as provided in this act shall be guilty of a felony * * *.' "

The specific objection is to the inclusion of the words, "or keeps for sale". Evidence was admitted over objection of defendant of the presence of other liquor on her premises than that sold to the agents. It is urged that the instruction under such circumstances was prejudicial. By instruction No. 2, the jury was informed the charge was "selling intoxicating liquor". Instruction No. 9 set forth the essential elements of the offense as follows:

"* * * Before you can convict her of such offense you must find from the evidence beyond a reasonable doubt each of the following essential elements of that offense, to-wit:

"1. That on or about the date specified in the information the defendant did sell liquor to Wesley Rudolph and Carl LaFitte, or either of them.

"2. That such sale took place within the county of Cassia, State of Idaho.

"3. That at such time and place the defendant did not hold a license from

548

the State of Idaho authorizing her to make such sale or sales."

Although the quoted words "or keeps for sale" were not pertinent to the issues, in view of the other instructions referred to, we cannot say they were prejudicial. State v. Jurko, 42 Idaho 319, 245 P. 685; State v. Taylor, 67 Idaho 313, 177 P.2d 468; State v. Wheeler, 70 Idaho 455, 220 P.2d 687; 24 C.J.S., Criminal Law, §§ 1921, 1922.

Instruction No. 11 is also assigned as error. It appears to be a correct statement of the law with reference to the fixing of the price, as an essential element of a valid sale. However that may be, it was given at appellant's request. Hence, she cannot complain. Weed v. Idaho Copper Co., 51 Idaho 737, 10 P.2d 613.

Appellant also complains of the failure of the court to give her requests for instruction numbers 2 and 4. These requests deal with the law governing the formation of a contract. No. 2 is apparently correct. No. 4, without modification is not correct. Instructions 10 and 11, given by the court, sufficiently cover the propositions involved. Hence, the refusal was not error. State v. Ayres, 70 Idaho 18, 211 P.2d 142; State v. Newman, 70 Idaho 184, 214 P.2d 159; State v. Scott, 72 Idaho 202, 239 P.2d 258; State v. Rutten, 73 Idaho 25, 245 P.2d 778.

Judgment affirmed.

PORTER, C. J., and GIVENS, THOMAS and KEETON, JJ., concur.