286 P.2d 641

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Theoadore Delores BEDWELL,
Defendant-Appellant.
No. 8162.**

Supreme Court of Idaho.

July 18, 1955.

58

Charles J. Kiblen and Tom Felton, Moscow, for appellant.

Graydon W. Smith, Atty. Gen., John R. Smead, Asst. Atty. Gen., Melvin J. Alsager, Moscow, for respondent.

SMITH, Justice.

Oscar Bailey owned and operated Bailey's Tavern in Bovill, Idaho, for a time prior to and on August 23–24, 1953. He had hired Frank Wilson as a night watchman to watch the place, as it had been broken into twice.

The tavern's rear door had glass in the upper portion protected by bars of ¾ inch pipe. The drop or step-down, outside the rear door was about nine inches below the level of the tavern floor. An alley, in which was an arc light, was situate to the rear of the lot location of the tavern.

The night of August 23, 1953, the tavern was closed for the night about 11:00 o'clock P.M. Mr. Bailey then went to the second floor, which he and his wife occupied as their living quarters; they retired about 12:45 the morning of August 24th.

Frank Wilson had his sleeping quarters on the ground floor. He checked the latches on the front and rear doors, including the bolt used to lock the rear door; glanced out the windows, noted the rainy weather, turned off the lights and retired about midnight.

Later, Wilson was awakened by a noise as of someone "prying on the door." He got up and saw a human figure outlined through the glass of the rear door, which area was lighted some by the arc light in the alley. He watched the activities of the person for several minutes; then he went to his sleeping quarters, put on some clothes, obtained his .22 automatic pistol, returned to the rear door and continued his observations. The person was still outside working on the door. When the door started to bulge Wilson moved to a position about a foot or two from the door on his hands and knees; the lock on the door sprung and the casing started to "come in." He then fired four shots through the lower wooden part of the door. He fired three of the shots at the person working on the door, i. e., one at his arm and two at his leg; then he fired a fourth shot at the outline of another person he had seen when he had gotten over to the door.

Mr. Wilson then finished unbolting the lock, the bolt of which was bent, stepped out of doors, and there found a man, lying on his back a few feet from and angling to the right of the rear door,—variously estimated at eight to twelve feet,—his feet nearest the door. The man proved to be the appellant. He had been shot once in the arm and twice in the leg. The upper part

of the femur bone had been fractured by two bullet wounds in the thigh. The wounding bullets of .22 caliber were recovered; they had penetrated appellant's body almost horizontally from the front.

The shots awakened Mr. Bailey, who, after slipping on clothes, in a minute or thereabouts was downstairs and out the back door. He also saw appellant lying, as Wilson stated, a few feet from the back door. Appellant at the time wore gloves on his hands.

A large screw driver was found about a foot to a foot and a half from the back door; a smaller screw driver was found beside appellant's body. The screw drivers were introduced in evidence (State's Exhibs. Nos. 1 and 2).

There were some four or five freshly made marks on the door as made by a "square object" used in prying. The door casing where the lock bolt entered its socket had been torn loose and a piece of the casing was "hanging on the inside." The bolt was bent inward, "the door had been pushed in and the hook on it was tore off." The door showed the four bullet holes, three of which went through straight and one diagonally. The door was introduced in evidence (State's Exhib. No. 3). The two former burglaries had not been accomplished through the back door. The door was in the same condition as when Mr. Bailey acquired the tavern during 1951 except for the recently made marks and bullet holes.

Before arrival of the deputy sheriff and a physician from Moscow, Mr. Vigue, the marshal of Bovill, arrived at the tavern shortly after 1:00 o'clock A.M., and found appellant as described. The marshal asked appellant who was with him on the break-in and received the reply, "He said nobody; he was alone." The marshal also made inquiry of appellant about the screw drivers and got his reply, i. e., "I asked him if those were his and he said yes, those were his screw drivers."

Appellant denied that he had a car but search of his person revealed his license in his pocketbook for a 1946 Buick automobile; next morning the marshal located the car to the rear and about 265 feet from Bailey's Tavern, containing a "bunch of tools" and other things; it was in good running order and its tank showed full of gas.

The witnesses, Bailey, Wilson and the Bovill marshal positively testified that the arc light in the alley to the rear of the tavern was on, while the deputy sheriff and the physician testified that they did not notice the light being on.

The attending physician entertained the opinion that appellant because of the severe shock suffered by the shattering of his upper femur, would not be able to traverse the short distance—some eight to twelve feet—from the tavern's back door

Appellant waived a preliminary examination before a magistrate, and upon arraignment in the district court, entered a

plea of not guilty of the offense as charged in the information; thereafter the trial court denied his motion for dismissal of the action for failure to bring him before a magistrate without unnecessary delay.

At the conclusion of appellant's trial the jury returned its verdict of guilty, followed by entry of judgment of conviction. Appellant made a motion for a new trial which the trial court denied. Appellant thereupon perfected his appeal.

Appellant assigns error of the trial court in failing to grant his motion to dismiss the action by reason of respondent's failure to bring him before a magistrate without unnecessary delay. I.C. § 19–615.

Appellant cannot take advantage of the complained of irregularity in the manner attempted. He made no motion prior to the time that he entered his plea. He waived the irregularity, I.C. § 19–1602. Moreover the irregularity, if such there was, did not deprive the district court of jurisdiction to try appellant. State v. Poynter, 70 Idaho 438, 220 P.2d 386.

Appellant assigns error of the trial court in failing to grant a new trial on the ground that the undisputed evidence is entirely consistent with appellant's innocence. Appellant urges that the evidence is entirely circumstantial and therefore insufficient to satisfy the rule, that to support a conviction based solely on circumstantial evidence the material circumstances must be consistent with the guilt of the accused and inconsistent with his innocence.

The evidence is direct which establishes the facts hereinbefore set forth, and undisputed except in the instances indicated. All such direct evidence indicates the commission of the offense charged, and was adduced by the testimony of witnesses who, with their physical senses, perceived conduct constituting the offense, and whose testimony relates to what they thereby perceived. Further, there was sufficient connection between State's Exhibits Nos. 1 and 2,—the screw drivers,—including where they were found, and appellant's admitted ownership of the tools, to admit them in evidence, since the tools so admitted were capable of being used in making the entry. State v. Kleier, 69 Idaho 278, 206 P.2d 513. The rule which appellant urges cannot be applied herein not only because of the direct evidence establishing the aforesaid facts, but because those facts in evidence are inexplicable on the theory of innocence. State v. McLennan, 40 Idaho 286, 231 P. 718.

It is within the province of the jury to believe or disbelieve the testimony of any witness or any portion of such testimony, since the jury are the exclusive judges of his credibility. I.C. § 9–201; State v. Cacavas, 55 Idaho 538, 44 P.2d 1110; State v. Hansen, 67 Idaho 359, 181 P.2d 192; State v. Davis, 69 Idaho 270, 206 P.2d 271.

The authority of the jury as to questions of fact is as absolute as the authority of the court with respect to questions of

law. State v. Golden, 67 Idaho 497, 186 P.2d 485.

While there is some conflict in the evidence, there is sufficient substantial, competent evidence to sustain the verdict. The jury having passed on the facts, there being substantial, competent evidence to sustain the jury's verdict, the same will not be disturbed on appeal. State v. Steen, 29 Idaho 337, 158 P. 499; State v. Hart, 40 Idaho 71, 231 P. 671; State v. Kleier, supra.

The foregoing also disposes of appellant's assignment whereby he complains of jury instruction No. 12, relating to circumstantial evidence. Moreover, the record shows that the trial court gave the instruction in the identical form as appellant requested; he cannot now be heard to complain of it. State v. Johnston, 61 Idaho 87, 98 P.2d 628; State v. Martin, 73 Idaho 545, 255 P.2d 713.

Appellant urges that the trial court erred in failing to grant an arrest of judgment, and to dismiss the action against appellant because the facts stated in the information do not constitute a public offense and further, that the information does not contain a statement of acts constituting the offense charged in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended.

The information charges that appellant on or about August 24, 1953, at Bovill, Latah County, Idaho, did wilfully and feloniously attempt to break into and enter in the nighttime an identified building with intent to commit larceny therein.

The statute in effect defines burglary as an entry with the intent of committing grand or petit larceny, or any felony; I.C. § 18-1401; also, the statute includes an attempt by any person to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof; I.C. § 18-306. The information being essentially in the language of the statute, is sufficient. State v. Bull, 47 Idaho 336, 276 P. 528; State v. Vanek, 59 Idaho 514, 84 P.2d 567.

Appellant asserts error of the trial court in denying appellant's motion for a mistrial on the ground of unresponsive answers to questions propounded to the witness Wilson. Appellant made his motion in the absence of the jury, conceding that the court "did admonish the jury to eliminate this from their mind and consideration." The court denied the motion. Later, the court cautioned the jury that any statement the court may make in ruling on the admissibility of evidence is not an indication of what the court may believe; also during further progress of the trial the court in instances struck out portions of the testimony of witnesses as not responsive and admonished the jury to disregard such matters. The court in so admonishing and cautioning the jury, cured any error complained of.

Appellant assigns as error the remark of the trial judge as prejudicial, made

when he denied the motion for mistrial to the effect that if the court should declare a mistrial in every case, when a witness has difficulties "we would have a great many mistrials." The motion for mistrial, the court's remarks and its ruling thereon, all occurred in the absence of the jury; therefore no prejudice of the jury resulted.

Appellant assigns error of the trial court in not granting a new trial on account of misconduct of the jury, asserting that they discussed the failure of appellant to testify and inferred that if he wasn't guilty he would have testified; also that they discussed matters extraneous to the evidence and that they shifted the burden of proof on the defendant to prove his innocence beyond a reasonable doubt. Appellant attempted to submit said matters by the affidavit of one juryman; whereas, the court specifically instructed the jury in relation to the matters attempted to be included within the purview of such affidavit.

A jury's verdict and its misconduct in the juryroom may not be impeached by affidavit or otherwise, save only if the verdict was determined by chance. State v. Davis, 6 Idaho 159, 53 P. 678; State v. Rigley, 7 Idaho 292, 62 P. 679; Cochran v. Gritman, 34 Idaho 654, at pages 669–672, 203 P. 289; State v. Boykin, 40 Idaho 536, 234 P. 157; I.C. § 10–602.

Lastly, appellant asserts that the trial court committed error in instructing the jury that, in this case, the charge being a felony, the verdict must be unanimous. The trial court was correct in so instructing the jury. I.C. § 19–2132; State v. Scheminisky, 31 Idaho 504, 174 P. 611; State v. Jutila, 34 Idaho 595, 202 P. 566.

The record does not present reversible error. The judgment is affirmed.

TAYLOR, C. J., and KEETON, PORTER and ANDERSON, JJ., concur.