433 P.2d 117

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Duke Clarence SCROGGINS, Defendant-Respondent.**

**No. 9997.**

Supreme Court of Idaho.

Oct. 24, 1967.

Rehearing Denied Nov. 16, 1967.

Allan G. Shepard, Atty. Gen., and Roger B. Wright, Deputy Atty. Gen., Boise, for appellant.

Clark & Lyon, Pocatello, for respondent.

SMITH, Justice.

Respondent Scroggins was adjudged guilty of the offense of assault with a deadly weapon. The district court granted him a new trial upon his motion therefor alleging prejudice to him arising from the jury's knowledge of a certain newspaper article and from asserted improper jury instructions.

Appellant (plaintiff) State of Idaho has appealed from the order granting a new trial, assigning error committed by the trial court in entering the order, first, "on the basis of an affidavit of a third party [respondent's counsel] as to the statements of members of the jury subsequent to the trial," and second, "on the basis of Instructions Nos. 18 and 19 given to the jury." It cannot be determined from the record whether the order granting the new trial was based upon either or both of the grounds advanced therefor. It is thus necessary to determine whether either con-

stitutes a proper basis for the granting of a new trial.

*Appellant's first assignment of error.* During the course of the trial a local newspaper published an article, the last paragraph of which concerned other pending charges against respondent.[1] Respondent based his motion for a new trial in part upon I.C. § 19–2406, subd. 2, which forbids the jury from receiving any evidence out of court other than that resulting from a view of the premises. Counsel for respondent, in a supporting affidavit, alleged "that he has interviewed several of the jurors and found that the newspaper article written * * * during the course of this trial was discussed in the jury room and all jurors were cognizant of the other charges against Duke Scroggins."

■ It has long been the law in this state that a jury's verdict, and its asserted misconduct in the jury room cannot be impeached by affidavit or otherwise save only if the verdict was determined by chance. State v. Bedwell, 77 Idaho 57, 286 P.2d 641 (1955); State v. Miller, 65 Idaho 756, 154 P.2d 147 (1944); State v. Cacavas, 55 Idaho 538, 44 P.2d 1110 (1935); State v. Farnsworth, 51 Idaho 768, 10 P.2d 295 (1932); State v. Jester, 46 Idaho 561, 270 P. 417 (1928); State v. Boykin, 40 Idaho 536, 234 P. 157 (1925); State v. Abbott, 38 Idaho 61 and 66, 213 P. 1024 and 224 P. 791 (1923); State v. Rigley, 7 Idaho 292, 62 P. 679 (1900); State v. Murphy, 7 Idaho 183, 61 P. 462 (1900); State v. Davis, 6 Idaho 159, 53 P. 678 (1898); I.C. § 10–602.

■ Respondent cites recent United States Supreme Court decisions to support his contention that he was denied due process by the jury's knowledge of the newspaper article. Those cases are distinguishable on their facts from the case at bar. Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), the most recent Supreme Court decision considering publicity at trial, refers repeatedly to an atmosphere of a "Roman holiday for the news media," a "deluge of publicity," and "massive pretrial publicity." Estes v. State of Texas, 381 U.S. 532, 543, 85 S.Ct. 1628, 1633, 14 L.Ed.2d 543, 550 (1965), reh. den. 382 U.S. 875, 86 S.Ct. 18, 15 L.Ed.2d 118, held that " * * * at times a procedure employed by the State involves such a probability that prejudice will result that it is deemed inherently lacking in due process," and considers chiefly whether defendant was deprived of that "judicial serenity and calm to which petitioner was entitled." Irvin v. Dowd, 366 U.S. 717, 728, 81 S.Ct. 1639, 1645, 6 L.Ed.2d 751, 759 (1961), states, "it is not requiring too much that petitioner be tried in an atmosphere undisturbed by so huge a wave of public passion." Marshall v. United States, 360 U.S. 310, 312, 79 S.Ct. 1171, 1173, 3 L.Ed.2d 1250, 1252 (1959), dealing with the effect of newspaper publicity upon the trial of a case pertaining to the sale of drugs, holds, "The trial judge has a large discretion in ruling on the issue of prejudice resulting from the reading by jurors of news articles concerning the trial. * * * Generalizations beyond that statement are not profitable, because each case must turn on its special facts."

We are constrained to the view that the newspaper article referred to in the instant case presents neither the degree of publicity nor the prejudice inherent in the referred to United States Supreme Court cases. Moreover, "Something must be presumed for the intelligence and fairness of the jurymen." Watkins v. Mountain Home Co-op. Irr. Co., 33 Idaho 623, 638, 197 P. 247, 251 (1921).

Appellant's first assignment of error is meritorious.

*Appellant's second assignment of error.* This assignment presents the issue whether

---

1. The last paragraph of the newspaper article read:
   "This is one of three separate charges pending against Scroggins, court officials said. He also faces charges of aggravated assault and battery and selling liquor without a license as a result of subsequent arrests."

the trial court erred in granting a new trial upon the assumption of error committed in the giving of jury Instructions Nos. 18[2] and 19.[3]

Instruction No. 18 instructs in effect that the standard for believing one's self to be in danger sufficiently to justify self-defense, is the test of the reasonable man. Instruction No. 19 sets forth a similar standard, stating that "the kind and degree of force which a person may lawfully use in self-defense are limited by what a reasonable person in the same situation as such person, seeing what he sees and knowing what he knows, then would believe to be necessary. * * *."

Appellant contends that the reasoning of Instruction No. 18 has been expressly approved by this court, and that the reasoning of Instruction No. 19 has been closely followed. Such appears to be true. State v. Fleming, 17 Idaho 471, 106 P. 305 (1910); State v. Bush, 50 Idaho 166, 295 P. 432 (1930) (justifiable circumstances); State v. Grover, 35 Idaho 589, 207 P. 1080 (1922); State v. Jurko, 42 Idaho 319, 245 P. 685 (1926) (justifiable degree of force). The first instruction closely follows the language of the justifiable homicide statute of this state. See I.C. §§ 18-4009 and 18-4010.

Respondent argues that the standard set forth in the jury instructions, is not reasonable because such would require the innocent victim to make a split-second determination, amounting to a "gamble," as to whether he is actually in peril of his life or of receiving great bodily harm; that following such reasoning an external standard should not be used to determine the precise moment at which a person becomes in deadly peril of his life. Respondent, in support of his argument, cites State v. Woodward, 58 Idaho 385, 74 P.2d 92 (1937), which holds in part,

"* * * The right of self-defense arises the moment an attack is made, even though the party assailed may not have reason to believe that his assailant intends to inflict upon him 'great bodily injury'. * * * the moment he makes the attack, or it becomes reasonably apparent that he intends to execute such purpose, and has the present ability so to do, the right of defense arises * *."

Respondent misconstrues the purpose and effect of the standard of the reasonable man. Such test is not designed to require detached reflection from the victim, but rather is designed to prevent excessive force under the circumstances on the part of the person claiming self-defense. It thus is a protective measure for the original aggressor-victim. It merely requires that the conduct employed by one who claims self-defense be reasonable. State v. Woodward, supra, does not deviate from that test. The quoted language from

2. Instruction No. 18 reads: "A person may have a lively apprehension that he is in imminent danger, and he may believe that his apprehension is based on sufficient cause, that it is supported by reasonable grounds and is reasonable and warranted from appearances as they present themselves to him. If, however, he acts on those appearances, he does so at his peril, because the law leaves it to no man to be the exclusive judge of the reasonableness of the appearances upon which he acts, but prescribes a standard of its own, which requires not only that the person acting on the appearances himself believe that he is in deadly peril of his life or of receiving great bodily harm, but also that a reasonable man, if in the same situation as such person, seeing what he sees and knowing what he knows, would be justified in believing himself in danger."

3. Instruction No. 19 reads: "The kind and degree of force which a person may lawfully use in self-defense are limited by what a reasonable person in the same situation as such person, seeing what he sees and knowing what he knows, then would believe to be necessary. Any use of force beyond that is regarded by the law as excessive. Although a person may believe that he is acting, and may act, in self-defense, he is not justified in using a degree of force clearly in excess of that apparently and reasonably necessary under the existing facts and circumstances."

that opinion, by requiring that the intention to execute an attack be "reasonably apparent" to the victim, merely reiterates the standard in slightly different language.

The trial court did not commit error in giving the two aforesaid instructions inasmuch as they contain correct statements of the law of this state.

The order granting a new trial is reversed.

TAYLOR, C. J., and McQUADE, McFADDEN and SPEAR, JJ., concur.